United States Court of Appeals
for the eighth circuit

_____

Nos. 96-3564/3903

_____

United States of America,          *
                                    *
          Appellee,                 *   Appeals from the United
States
                                    *   District Court for the
District
          v.                        *   of South Dakota.
                                    *
Juvenile PWM,                       *
                                    *
          Appellant.                *

_____

Submitted:  May 23, 1997

Filed:  August 1, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, and BOWMAN and MORRIS
     SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     PWM, a juvenile, appeals two sentences imposed on him.  We
reverse and remand for resentencing.

     In a proceeding pursuant to 18 U.S.C. § 5032, PWM, a
sixteen-year-old, admitted to being a juvenile delinquent because he had
stolen firearms from a firearms dealer, an act made criminal by
18 U.S.C. § 922(u), and had possessed and sold stolen firearms in
violation of 18 U.S.C. § 922(j).  After being released on bond, he
failed to

appear at his sentencing hearing, an act for which he was charged with being a juvenile delinquent for violating 18 U.S.C. § 3146(a)(1). He later admitted to this charge as well. The district court sentenced him to custody until he reached the age of twenty-one in both cases, the maximum sentence that can be imposed on a juvenile who is less than eighteen years old. See 18 U.S.C. § 5037(c)(1)(A).

In sentencing PWM, the district court recognized that in the firearms case the guideline range for an adult defendant would have been four to ten months imprisonment, and that in the failure-to-appear case it would have been six to twelve months. But because the district court believed that these ranges were arrived at on the basis of a criminal history category that did not adequately reflect the seriousness of PWM's past criminal conduct, it felt it appropriate to depart upward. In the sentencing hearing in the firearms case, the district judge remarked that PWM "is basically a career criminal at a very young age," and adverted to his "most extensive criminal history," but did not specifically state to what criminal conduct of PWM's it was referring, except to say that "of course he continued [it] while out on bond." To justify the sentence in the failure-to-appear case, the district court specifically relied on paragraphs 17 through 29 of the relevant presentence report, which briefly described nine tribal-court charges of which PWM had been convicted and three criminal cases that were pending against him in tribal court (two of these last being for conduct that he had allegedly engaged in while on bond).

In United States v. R.L.C., 503 U.S. 291 (1992), the Supreme Court considered the meaning of 18 U.S.C. § 5037(c)(1)(B), which fixes the maximum term of someone adjudicated a juvenile

delinquent at "the maximum term that would be authorized if the juvenile had been tried and convicted as an adult," unless that term would carry the juvenile past his twenty-first birthday. The Court held that this statute required a sentencing court in a juvenile case to employ the sentencing guidelines to determine the range of the sentence to which an adult would be exposed if he or she had committed the adult counterpart of the relevant offense, and that the upper limit of that range

marked the maximum sentence to which a juvenile could be subjected.

Id. at 306. The Court also observed, however, that "the upper limit of the proper Guideline range [sets] the maximum term for which a juvenile may be committed to official detention, absent circumstances that would warrant departure under [18 U.S.C.] § 3553(b)" (emphasis supplied). Id. at 307 .

The government argues that R.L.C. allows a district court unfettered discretion in a juvenile case to exceed the top of the guideline range to which an adult would be subject, once the court lawfully determines that § 3553(b) authorizes it to depart. In other words, the government's position is that in deciding how much to depart in a juvenile case, the district court is not bound by the procedures that we have outlined in cases such as United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993), cert. denied, 511 U.S. 1130 (1994), which require a court, in sentencing an adult, to "proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category," in order to fix and justify the extent of a departure.

We agree with the government that a juvenile does not have to receive the same sentence that an adult who committed a corresponding offense would receive, and, indeed, the Court emphasized in R.L.C., 503 U.S. at 307, that its holding did "not require plenary application of the Guidelines to juvenile delinquents." But it does no violence to this principle to require a sentencing court to follow the procedures established in Day in order to determine the maximum sentence that an appropriately comparable adult would have received, in order to fix the upper limit of the juvenile's sentence. This, we believe, is exactly what R.L.C. and § 5037(c)(1)(B) require, because otherwise a juvenile's maximum possible sentence would not be the same as that of a similarly situated adult, a result the statute was enacted to avoid.

Furthermore, as we have already indicated, in departing

upward

the district court considered not just the nine tribal-court
adjudications outlined in the presentence report,

but also three charges that were pending in tribal court, two of which were laid for acts committed while PWM was on bond pending sentencing on the firearms charge. In United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994), we pointed out that charges that are merely pending against a defendant may not be counted as part of the defendant's criminal history unless the defendant admits to the criminal conduct underlying the charge. In this case, PWM did not admit the underlying conduct, and consequently it was error for the district court to take it into account in determining whether and how much to depart.

We therefore vacate the sentences, remand the cases for resentencing, and direct the district court to utilize the procedures established in Day and similar cases to determine an appropriate guideline for PWM, without reference to charged conduct to which he has not admitted or which the government does not prove by a preponderance of the evidence, in order to fix the upper limit of the sentence for which he is eligible.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.