Robert **FERNICOLA**; Donna Fernicola; Anthony Fernicola; and Jake Fernicola, Plaintiffs–Appellants,

v.

Ralph **EANNACE**, Jr.; Theodore C. Mohr; Norman S. Andrejewski; Barbara DeBuono, M.D.; Patricia Lanphear; Victoria Ventresca; Marie Briscoe; Dennis Vacco; and Alexander Treadwell, Defendants–Appellees.

No. 00–9364.

United States Court of Appeals, Second Circuit.

Jan. 9, 2002.

Robert Fernicola and Donna Fernicola, Utica, NY, pro se.

Bartle J. Gorman, Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY, for Appellees Eannace and Mohr.

Kathleen M. Treasure, Ass't Sol. Gen., Albany, NY, for State Appellees.

Present MESKILL, KEARSE, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District

Court for the Northern District of New York, and was argued by plaintiff *pro se* Robert Fernicola and by counsel for defendants Eannace and Mohr, and was submitted by plaintiff *pro se* Donna Fernicola and counsel for the State defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed as to plaintiffs Robert and Donna Fernicola, and that the appeal be and it hereby is dismissed as to plaintiffs Anthony and Jake Fernicola.

Plaintiffs *pro se* Robert, Donna, Anthony, and Jake Fernicola appeal from a judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Judge,* granting summary judgment dismissing their complaint, which alleged denials of substantive due process, procedural due process, equal protection, and First Amendment rights to freedom of religion, in connection with the medical treatment received by Robert Fernicola. On appeal, Robert and Donna Fernicola contend that summary judgment was inappropriate because there existed genuine issues to be tried and because the district court denied them adequate discovery. As to these two plaintiffs, we see no error in the district court's granting of summary judgment, and we uphold that decision substantially for the reasons stated in Judge McAvoy's Decision & Order dated September 23, 2000. Nor do we see any abuse of discretion, *see, e.g., Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 561 (2d Cir.1997), *cert. denied,* 525 U.S. 936, 119 S.Ct. 349, 142 L.Ed.2d 288 (1998), in the district court's discovery rulings, given the frailty of their claims and the record indicating that plaintiffs had abused the discovery process.

As to Anthony and Jake Fernicola, children of Robert and Donna Fernicola, the appeal is dismissed. While Anthony and Jake apparently signed the notice of appeal, they neither signed the brief filed by their parents nor filed a brief of their own. As Robert and Donna are not attorneys and are, respectively, proceeding *pro se,* neither can prosecute this appeal on behalf of any other person. Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ," this does not empower a *pro se* nonlawyer litigant to represent his or her child, *see, e.g., Cheung v. Youth Orchestra Foundation of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child").

We have considered all of plaintiffs' contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed as to Robert and Donna Fernicola; the appeal is dismissed as to Anthony and Jake Fernicola.