# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2868

_____

United States of America,        *
                              *
         Appellee,           *
                              *    Appeal from the United States
     v.                       *    District Court for the
                              *    Northern District of Iowa.
Donald Daye Storer,        *
                              *
        Appellant.        *

_____

Submitted: March 4, 2005
Filed: June 30, 2005

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Donald Storer pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The District Court determined that Storer had a prior conviction involving the sexual abuse of a minor and sentenced Storer to 240 months' imprisonment, the maximum sentence under 18 U.S.C. § 2252A(b)(2). Storer appeals his sentence on two grounds. First, Storer asserts that the District Court erred in determining that he had a prior conviction for purposes of the sentence enhancement described in § 2252A(b)(2). Second, Storer asserts that the District Court erred in failing to consider the federal Sentencing Guidelines in imposing his sentence. We affirm the conclusion of the District Court regarding the prior conviction, but

nevertheless remand for a resentencing that will be guided by United States v. Booker, 125 S. Ct. 738 (2005).

## I.

Storer was charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He entered into a plea agreement, admitting that he possessed a computer that he knew contained images of minors engaged in sexually explicit conduct—including images involving a minor under the age of twelve. Pursuant to 18 U.S.C. § 2252A(b)(2), Storer was subject to a term of imprisonment of up to ten years unless the District Court determined that he had a prior conviction under state law involving the sexual abuse of a minor, in which case Storer was subject to a term of imprisonment of at least ten years but not more than twenty years.

The United States Probation Office prepared an initial Presentence Investigation Report (PSR), which noted that Storer had been charged in Florida state court with the felony of committing lewd and lascivious acts upon a child under sixteen and had entered a plea of nolo contendere to the charge. As recounted in the PSR, Storer admitted to Florida law enforcement authorities that in December 1990, he masturbated in front of a four-year-old girl, touched his penis to her vagina, and ejaculated on her. In March 1991, the Florida state court made a finding of guilt in Storer's case, but withheld adjudication of guilt and imposition of sentence. Storer was placed in a community control program for two years; the placement was later modified to include sixty days in jail.

According to the initial PSR, Storer's sentencing range as calculated under the United States Sentencing Guidelines was forty-six to fifty-seven months' imprisonment, based on a Total Offense Level of 23 and a Criminal History Category of I. The government initially made no objection to the PSR. Following our decision in United States v. Slicer, 361 F.3d 1085 (8th Cir.), cert. denied, 125 S. Ct. 90 (2004),

however, the government objected to the PSR, arguing that Storer's nolo contendere plea to the Florida lewd and lascivious charge qualified as a prior conviction for purposes of § 2252A(b)(2)'s mandatory minimum sentence of ten years' imprisonment. In response to the government's objection, the PSR was revised to indicate that Storer's Florida nolo contendere plea was a prior conviction and that Storer was subject to a mandatory ten-year minimum sentence of imprisonment pursuant to § 5G1.1(b) of the federal Sentencing Guidelines.[1] Storer objected to the revised PSR. After a hearing, the District Court concluded that Storer's Florida nolo contendere plea was a prior conviction for purposes of § 2252A(b)(2) and that Storer was subject to an imprisonment range under the statute of ten to twenty years' imprisonment.

The District Court sentenced Storer on July 29, 2004, shortly after a panel of our Court had issued its opinion in United States v. Mooney, No. 02-3388, slip op. (8th Cir. July 23, 2004) (Mooney I). Mooney I held that the federal Sentencing Guidelines were unconstitutional in their entirety under Blakely v. Washington, 124 S. Ct. 2531 (2004).[2] The District Court, acknowledging that Mooney I was the law of the Circuit and that the federal Sentencing Guidelines were unconstitutional, sentenced Storer to a 240-month term of imprisonment and a life term of supervised release. The District Court also announced an alternative sentence of 120 months' imprisonment in the event that the federal Sentencing Guidelines were later found to be constitutional.

---

[1]Section 5G1.1(b) states: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

[2]The panel opinion in Mooney I was vacated by our Court en banc on August 6, 2004.

Storer appeals, arguing that the District Court erred when it found that his nolo contendere plea to the Florida felony lewd and lascivious charge qualified as a prior conviction for purposes of § 2252A(b)(2) and when it imposed his sentence without regard to the federal Sentencing Guidelines.

## II.

Storer first argues that the District Court erred when it found that his nolo contendere plea to the Florida felony lewd and lascivious charge qualified as a prior conviction necessary to trigger a sentence enhancement under § 2252A(b)(2). According to Storer, his nolo contendere plea with adjudication withheld is not considered a conviction under Florida state law and therefore should not be considered a conviction under § 2252A(b)(2). We review the District Court's interpretation of the statute de novo. Slicer, 361 F.3d at 1086.

Section 2252A(b)(2) provides that a defendant who has a "prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" is subject to a term of imprisonment of at least ten years but not more than twenty years. "Conviction" is not defined for purposes of imposing this enhanced mandatory minimum sentence. See 18 U.S.C. § 2256. Although Congress has not specified whether state or federal law should be applied to define "conviction," absent a "plain indication to the contrary, . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law. This is because the application of federal legislation is nationwide and at times the federal program would be impaired if state law were to control." Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 119–20 (1983) (internal quotations and citations omitted) (superseded by statute on other grounds); see also United States v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998) (noting that federal law governs the application of federal legislation absent clear language to the contrary), cert. denied, 525 U.S. 1087 (1999).

Although we have not specifically addressed whether a Florida nolo contendere plea with adjudication withheld constitutes a prior "conviction" for purposes of a sentence enhancement under § 2252A(b)(2)—we have defined "conviction" for purposes of sentence enhancements for prior felony drug offense convictions under 21 U.S.C. § 841. In Slicer, 361 F.3d at 1087, we held that a defendant's prior guilty plea to a Missouri felony drug offense, for which the defendant received a suspended sentence, constituted a prior conviction for purposes of a sentence enhancement under § 841. In United States v. Franklin, 250 F.3d 653, 665 (8th Cir.), cert. denied, 534 U.S. 1009 (2001), we similarly affirmed a sentence enhancement under § 841(a)(1) that was based on a prior Missouri conviction that resulted in a suspended sentence, noting that "Missouri law does not control the question of what constitutes a 'conviction' for purposes of 21 U.S.C. § 841." Likewise, in Ortega, 150 F.3d at 948, we held that a prior Missouri conviction that resulted in a suspended sentence was a conviction under federal law for purposes of § 841. In each of these cases, the fact that the state "conviction" was not treated as such under state law was not controlling.

We also find instructive the Eleventh Circuit's conclusion that a plea of nolo contendere in Florida state court that results in a finding of guilt with adjudication withheld supports a sentence enhancement under § 841. See United States v. Fernandez, 58 F.3d 593, 600 (11th Cir. 1995); United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995); see also United States v. Acosta, 287 F.3d 1034, 1036–37 (11th Cir.) (holding that prior felony drug offense adjudication under New York's youthful offender statute was prior conviction for sentence enhancement purposes under § 841), cert. denied, 537 U.S. 926 (2002).

Because Congress provided no explicit language to the contrary in § 2252A(b)(2), we apply federal law to conclude that Storer's Florida felony offense and nolo contendere plea, which resulted in a finding of guilt with adjudication withheld, qualifies as a conviction for purposes of § 2252A(b)(2)'s mandatory

minimum ten-year sentence of imprisonment. The District Court did not err in so holding.

III.

Storer also argues that the District Court erred when it failed to consider the federal Sentencing Guidelines in imposing his sentence. As noted above, Storer was sentenced at a time when the federal Sentencing Guidelines were unconstitutional in this Circuit. The panel opinion in <u>Mooney I</u> had been issued but had not yet been vacated by our Court en banc. Consequently, the District Court correctly applied <u>Mooney I</u> and imposed Storer's sentence with the understanding that the federal Sentencing Guidelines were unconstitutional. The Supreme Court has since issued its opinion in <u>Booker</u>, in which it held that district courts, while no longer bound by the federal Sentencing Guidelines, must nevertheless consult the Guidelines and take them into account when determining a defendant's sentence. <u>Booker</u>, 125 S. Ct. at 767. "The now-advisory guidelines, when correctly applied, become a consideration for the district court in choosing a reasonable ultimate sentence." <u>United States v. Mathijssen</u>, 406 F.3d 496, 498 (8th Cir. 2005). Storer preserved this issue for our review by raising a <u>Blakely</u> objection with the District Court at his sentencing proceeding.

It appears from the record that the District Court did not consider the federal Sentencing Guidelines in imposing Storer's sentence. Although the District Court's failure to consider the guidelines as required by <u>Booker</u> is understandable, it is nevertheless error. An error that does not affect a defendant's substantial rights, however, is harmless and is disregarded on appellate review. Fed. R. Crim. P. 52(a); <u>United States v. Haidley</u>, 400 F.3d 642, 644–45 (8th Cir. 2005). As the beneficiary of the error in this case, the government bears the burden of proving that the District Court's failure to consider the federal Sentencing Guidelines did not affect Storer's substantial rights and is therefore harmless error. <u>United States v. Barnett</u>, No.

-6-

04-3213, 2005 WL 1268831, at *3 (8th Cir. May 31, 2005); Haidley, 400 F.3d at 644. Because the error is not of "constitutional magnitude,"[3] the government must "only establish that no grave doubt exists as to whether the district court's failure to at least consider the Guidelines" affected Storer's ultimate sentence. Barnett, 2005 WL 1268831, at *3 (internal quotation marks omitted); Haidley, 400 F.3d at 645. If the effect of the error is uncertain, the government has not met its burden to show the error is harmless. See Haidley, 400 F.3d at 645.

At the sentencing hearing, the District Court acknowledged that Mooney I made the federal Sentencing Guidelines unconstitutional in this Circuit and proceeded to sentence Storer to 240 months' imprisonment—the statutory maximum under § 2252A(b)(2). The District Court also imposed an alternative sentence of 120 months' imprisonment—the statutory minimum under § 2252A(b)(2)—in the event that the federal Sentencing Guidelines were found to be constitutional. The District Court did not, however, indicate what sentence it would have imposed if the federal Sentencing Guidelines were advisory. The government has pointed to nothing in the record suggesting that the District Court would have imposed the same 240-month sentence—or even the same alternative 120-month sentence—under an advisory Guidelines system. Given the wide disparity in the length of the sentences that the District Court imposed, we are left with grave doubt as to the sentence the District Court would have imposed had it known that the federal Sentencing Guidelines were advisory. Accordingly, the government has not carried its burden of proving that the District Court's sentencing error was harmless, and we therefore reverse and remand

_____

   [3]The District Court's determination of Storer's sentence did not implicate the Sixth Amendment as described in Booker, since the District Court did not find facts to sentence Storer under a mandatory sentencing guidelines scheme. To the contrary, the District Court sentenced Storer under then-current law as announced in Mooney I, which held that the federal Sentencing Guidelines were unconstitutional in their entirety.

for resentencing.[4]  See United States v. Garcia, 406 F.3d 527, 529 (8th Cir. 2005) (noting that the government did not satisfy its burden of proving harmless error when the record did not show that the district court would have imposed the same sentence under an advisory sentencing guidelines scheme); cf. United States v. Thompson, No. 04-3171, 2005 WL 1278535, at *2 (8th Cir. June 1, 2005) (per curiam) (holding that error was harmless when the district court declared that it would impose the same sentence in the event that the federal Sentencing Guidelines were found to be unconstitutional in whole or in part); United States v. Hadash, No. 03-2180, 2005 WL 1250331, at *2 (8th Cir. May 27, 2005) (concluding that sentencing error was harmless when the district court stated that it would impose an identical sentence if a federal Sentencing Guidelines provision did not apply).  Because we conclude that the District Court's sentencing error was not harmless and we must therefore remand for resentencing, we need not decide whether the sentence imposed by the District Court was reasonable.  See United States v. Mashek, 406 F.3d 1012, 1018 (8th Cir. 2005).

IV.

Storer's sentence is vacated and the case is remanded to the District Court for resentencing in accordance with the principles laid down in Booker.

_____

_____

[4]The government essentially conceded at oral argument that Storer's case should be remanded for resentencing "out of an abundance of caution," since the District Court sentenced Storer without the benefit of the Supreme Court's decision in Booker.