# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3621

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Michael Lee Loisel, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2006
Filed: May 22, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Lee Loisel appeals the district court's[1] imposition of a sentence of ten years of imprisonment pursuant to 18 U.S.C. § 2252A(b)(2). We affirm.

Loisel pled guilty to possessing child pornography, but appeals his sentence of ten years arguing the district court erred in applying an enhancement under § 2252A(b)(2). Section 2252A(b)(2) provides a person convicted of possessing child

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

pornography shall be sentenced to a minimum of ten years of imprisonment "if such person has a prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or a ward."

In a prior state proceeding, Loisel pled guilty to the charge of Assault with Intent to Commit Sexual Abuse (No Bodily Injury) under Iowa law, for which he received a deferred judgment. Loisel argues this deferred judgment does not constitute a prior conviction under Iowa law for purposes of § 2252A(b)(2).

Loisel's argument, however, is foreclosed by our ruling in United States v. Storer, 413 F.3d 918 (8th Cir. 2005) (holding defendant's nolo contendere plea to felony lewd and lascivious conduct under Florida law along with state court's finding of guilt, despite the withholding of adjudication and sentencing, constituted a prior conviction under § 2252A). In Storer, we specifically held § 2252A(b)(2) applies federal law to determine whether a state conviction qualifies as a prior conviction. Id. at 921-22. Loisel does not dispute whether federal law considers a deferred judgment under state law to be a prior conviction under § 2252A(b)(2). See United States v. Fuchness, 422 F.3d 698, 703 (8th Cir. 2005) (holding Iowa deferred judgment for narcotics violation was prior conviction for sentencing purposes). Instead, Loisel asks us to overturn Storer. We, of course, cannot do so. See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (noting we are bound by our precedent unless such precedent is overturned by the court sitting en banc).

Accordingly, we conclude Loisel's prior deferred judgment under Iowa law is a prior conviction for purposes of § 2252A(b)(2). We therefore affirm the district court.

_____