# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1690

_____

United States of America

*Plaintiff - Appellee*

v.

William Gauld

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: April 4, 2017
Filed: August 1, 2017

_____

Before SMITH, Chief Judge, WOLLMAN, LOKEN, RILEY, COLLOTON, GRUENDER, BENTON, and KELLY, Circuit Judges, En Banc.

_____

SMITH, Chief Judge.

The mandatory minimum sentence for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) is five years' imprisonment. *Id.* § 2252(b)(1). But if the defendant has a "prior conviction" under state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," then the mandatory minimum sentence is 15 years' imprisonment. *Id.* We granted en banc

review to consider whether a state juvenile-delinquency adjudication is a "prior conviction" under § 2252(b)(1). Because it is not, we vacate William Gauld's 15-year sentence and remand for resentencing.

## I. *Background*

Gauld created a profile on a photo-sharing website under the screen name "lovesboys81." He posted sexually explicit pictures of young boys and made lewd comments about the pictures. He also downloaded child pornography. A search of Gauld's laptop and cell phone uncovered 921 images and 66 videos of child pornography.

Gauld pleaded guilty to violating 18 U.S.C. § 2252(a)(2) by receiving child pornography. His presentence report (PSR) calculated his Guidelines range as 151–188 months' imprisonment based on his offense level and criminal history. Gauld's criminal record included a juvenile-delinquency adjudication for criminal sexual conduct involving a minor. Treating the juvenile-delinquency adjudication as a conviction, the PSR applied the 15-year mandatory minimum in § 2252(b)(1). With the mandatory minimum, Gauld's Guidelines range became 180–188 months' imprisonment. *See* U.S.S.G. § 5G1.1(c)(2).

Gauld objected to a distribution enhancement listed in the PSR and to the PSR's counting his juvenile-delinquency adjudication as a "prior conviction" under § 2252(b)(1). The district court sustained Gauld's objection to the enhancement. The court told Gauld, though, that "it's really not going to have an [e]ffect on the amount of time that you are looking at," because under circuit precedent, juvenile-delinquency adjudications are prior convictions in § 2252(b)(1). According to the district court, were it not for the mandatory minimum, Gauld "would be looking at a guideline range of 121 to . . . 151 months." The court sentenced Gauld to the 15-year mandatory minimum.

On appeal, a panel of this court affirmed Gauld's sentence. The panel majority held that *United States v. Woodard*, 694 F.3d 950 (8th Cir. 2012), bound the district court and the panel on whether juvenile-delinquency adjudications are prior convictions under § 2252(b)(1). *United States v. Gauld*, 833 F.3d 941, 944 (8th Cir. 2016). Gauld moved for rehearing en banc, which we granted. We now hold that juvenile-delinquency adjudications are not prior convictions under § 2252(b)(1).[1] To the extent *Woodard* concluded otherwise, it is overruled.[2]

## II. *Discussion*

We interpret statutes de novo. *United States v. Storer*, 413 F.3d 918, 921 (8th Cir. 2005). Title 18 U.S.C. § 2252(a) states, among other things, that those who knowingly receive child pornography "shall be punished as provided in subsection (b) of this section." Subsection (b)(1) spells out the punishment for violating § 2252(a)(1)–(3):

> Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under [certain federal laws], or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or [other child pornography or sex-trafficking offenses], such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

---

[1] The government agrees with Gauld that juvenile-deliquency adjudications are not prior convictions under § 2252(b)(1) and that if *Woodard* held otherwise, it should be overruled.

[2] The panel opinion also addressed Gauld's challenge to one of his special supervised-release conditions. Because we are vacating Gauld's sentence, we do not address that challenge.

The statute does not define "prior conviction." *See* 18 U.S.C. § 2256. Even though Gauld's adjudication occurred under state law, we look to federal law to define this term. *Storer*, 413 F.3d at 921–22. Federal law has long distinguished juvenile adjudications from criminal convictions. In 1938, Congress passed the Federal Juvenile Delinquency Act (FJDA), ch. 486, 52 Stat. 764, 766. It provided for anyone 17 or under who violates federal law (unless the offense was punishable by death or life imprisonment) to be "prosecuted as a juvenile delinquent." § 2, 52 Stat. at 765. Such a person was to be "prosecuted by information on the charge of juvenile delinquency" and not prosecuted for the underlying federal offense. *Id.* If found "guilty of juvenile delinquency," the juvenile was to be sentenced under juvenile-specific conditions. § 4, 52 Stat. at 765. A 1948 amendment clarified the contrast between juvenile and adult proceedings. Act of June 25, 1948, ch. 403, 62 Stat. 683, 857. Notably, in a juvenile proceeding, "no criminal prosecution shall be instituted for the alleged violation." § 5032, 62 Stat. at 857.

In 1974, Congress amended the Act's definition of "juvenile" and clarified how juveniles above a certain age may be prosecuted as adults for committing certain serious offenses. Act of Sept. 7, 1974, Pub. L. No. 93-415, ch. 403, sec. 501–02, §§ 5031–5032, 88 Stat. 1109, 1133–34. The 1974 amendment also made clear that a juvenile proceeding results in the juvenile being "adjudicated delinquent." § 507, 88 Stat. at 1136. Congress has amended the Act since 1974, but its core distinction between juvenile adjudication and adult prosecution remains. The Act currently defines "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult or a violation by such person of [certain juvenile-specific firearms offenses]." 18 U.S.C. § 5031. And though the juvenile's actions become part of his or her official record, the Act does not speak of the juvenile as being "convicted," but rather of his being "adjudged delinquent."*Id.* § 5032; *see also id.* § 5039 ("No juvenile committed, whether pursuant to an adjudication of

delinquency or conviction for an offense, to the custody of the Attorney General . . . .").

Our cases have long recognized this distinction. In *Fagerstrom v. United States*, we said that "[t]o be adjudged a juvenile delinquent . . . under the Juvenile Delinquency Act, is not to be convicted of or sentenced for a crime. The very purpose of the Act is to avoid the prosecution of juveniles as criminals." 311 F.2d 717, 720 (8th Cir. 1963) (citations omitted). In *United States v. R.L.C.*, we noted that "an adjudication of juvenile delinquency under 18 U.S.C. § 5031 is a determination of status rather than a criminal conviction." 915 F.2d 320, 325 n.2 (8th Cir. 1990); *see also United States v. Juvenile L.W.O.*, 160 F.3d 1179, 1182 n.4 (8th Cir. 1998) ("[U]nder the federal statutes a juvenile is not adjudicated to be guilty as a criminal; rather, he is adjudicated to be a juvenile delinquent.").[3] The Tenth Circuit has pointed out that "[t]he purpose of the federal juvenile delinquency proceeding is to remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction." *United States v. Brian N.*, 900 F.2d 218, 220 (10th Cir. 1990). This distinction also tracks the Black's Law definition of "conviction," which involves being found "guilty of a crime." *Conviction*, Black's Law Dictionary (10th ed. 2014).

Thus, when Congress passed the first version of § 2252 in 1978, federal law considered juvenile-deliquency adjudications substantively different from criminal convictions. *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, 92 Stat. 7 (1978).

---

[3]We recognize that some of our precedents loosely refer to juvenile adjudications as convictions. *See, e.g.*, *United States v. B.A.D.*, 647 F.3d 772, 773 (8th Cir. 2011); *United States v. J.H.H.*, 22 F.3d 821, 823 (8th Cir. 1994). *But see United States v. Juvenile P.W.M.*, 121 F.3d 382, 383 (8th Cir. 1997) (using proper terminology).

Congress has taken care in other enactments to expressly mention juvenile-delinquency adjudications when it intends those adjudications to be counted as "convictions" that increase criminal punishment or impose special burdens. In the Armed Career Criminal Act, for example, Congress specified that "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). In the Sex Offender Registration and Notification Act, Congress specified that "[t]he term 'convicted' or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense" subject to certain limitations. 42 U.S.C. § 16911(8). And in a provision of the Violent Crime Control and Law Enforcement Act allowing increased sentences for certain crimes involving street gangs, Congress specified that "'[c]onviction' includes a finding, under State or Federal law, that a person has committed an act of juvenile delinquency involving a violent or controlled substances felony." 18 U.S.C. § 521(a). Other statutes, though, such as 18 U.S.C. §§ 2252(b), 2252A(b), and 21 U.S.C. § 841(b), do not mention juvenile-delinquency adjudications.[4]

To read prior conviction as embracing juvenile-delinquency adjudications would require "[d]rawing meaning from silence," which is "particularly inappropriate where Congress has shown that it knows how to direct sentencing practices in express terms." *Dean v. United States*, 137 S. Ct. 1170, 1177 (2017) (alteration in original) (internal quotation marks omitted) (quoting *Kimbrough v. United States*, 552 U.S. 85,

---

[4] *See United States v. Huggins*, 467 F.3d 359, 361 (3d Cir. 2006) (contrasting 18 U.S.C. § 924(e)(2)(C) with 21 U.S.C. § 841(b)(1)(B), and concluding that the latter's use of "prior conviction" does not reach juvenile adjudications); *United States v. Peyton*, 716 F. Supp. 2d 1, 2–3 (D.D.C. 2010) (same); *see also United States v. Graham*, 622 F.3d 445, 459–60 (6th Cir. 2010) (noting that the contrast between § 924(e) and § 841(b)(1)(A) "could support an argument that juvenile-delinquency adjudications were not intended to be counted" under § 841(b)(1)(A), but declining to decide the issue because it was not presented).

103 (2007)). In the statutes above defining conviction to include juvenile-delinquency adjudications, "Congress has shown just that." *See id.* Congress could easily have said that, like criminal convictions for sexual abuse, juvenile-delinquency adjudications for sexual abuse triple the mandatory minimum sentence under § 2252(a)(2). *See id*. But it did not. The fact that juvenile-delinquency adjudications are expressly "convictions" in some statutes indicates that "Congress has been aware of a clear way" to trigger mandatory minimum sentences with juvenile-delinquency adjudications, *see id.* at 1178, even though Congress has never amended § 2252 to provide such a trigger.

There is arguably contrary authority, but it is distinguishable or unpersuasive. *Woodard* held that "a juvenile adjudication may be considered a prior conviction under 18 U.S.C. § 2252(b)," but *Woodard* did not address the FJDA and our historical distinction between juvenile-delinquency adjudications and adult convictions. 694 F.3d at 953. *Storer* held that a Florida felony nolo contendere plea, which resulted in a finding of guilt with adjudication withheld, was an enhancement-triggering conviction under § 2252A(b)(2). 413 F.3d at 922. Yet *Storer* and the cases on which it relied did not involve juvenile-delinquency adjudications, but rather adult deferred adjudications or suspended sentences. *See id*. at 921–22. Unlike juvenile-delinquency adjudications, these state-law forms of adult adjudication lack a comprehensive federal analogue like the FJDC.

In *United States v. Acosta*, the Eleventh Circuit held that a New York "youthful offender" adjudication was a sentence-enhancing conviction under 21 U.S.C. § 841(b)(1)(A). 287 F.3d 1034, 1037 (11th Cir. 2002). This statute, like 18 U.S.C. § 2252(b)(1), does not define or limit "conviction." Based on Eleventh Circuit precedent, the court concluded that "a plea of *nolo contendere* in Florida state court with adjudication withheld is a conviction that supports a section 841 sentence enhancement." *Id.* That court also considered that the policy of juvenile adjudications

was to provide mercy to young offenders, not a legal advantage to adult recidivists. *Id.*

*Acosta*'s approach is unpersuasive here. As we have said, the FJDA speaks to juvenile-delinquency adjudications in a way that no federal statute speaks to adult deferred adjudications. So the analogy to adult deferred adjudications breaks down. Also, as the Second Circuit later clarified, the New York youthful offender process at issue in *Acosta* begins with a conviction, which is then "deemed vacated and replaced by a youthful offender finding" under certain conditions. *United States v. Sampson*, 385 F.3d 183, 194 (2d Cir. 2004) (quoting N.Y. Crim. Proc. Law § 720.20(3)). The Second Circuit reserved judgment on "whether other juvenile adjudications, such as juvenile delinquency findings (entered in family court), could qualify as final felony convictions under Section 841(b)." *Id.* at 195 n.8.[5]

Because federal law distinguishes between criminal convictions and juvenile-delinquency adjudications, and because § 2252(b)(1) mentions only convictions, juvenile-delinquency adjudications do not trigger that statute's 15-year mandatory minimum sentence.

### III. *Conclusion*
Accordingly, we vacate Gauld's sentence and remand for resentencing.

_____

_____

[5] We likewise reserve judgment on whether juvenile offenses that result in actual convictions would trigger an enhanced statutory sentence under § 2252(b)(1). Here we deal only with juvenile offenses that result in juvenile-delinquency adjudications.