COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
A misdemeanant like Michael Long is forbidden to possess a firearm only if he was “represented by counsel in the case” in which he sustained the misdemeanor conviction, or if he “waived the right to counsel in the case.” 18 U.S.C. § 921(a)(33)(B)(i)(I). It is undisputed that Long did not waive the right to counsel and that he was not represented by a lawyer in the case. The court concludes, however, that because Long was represented in the case by a nonlawyer, dubbed a “lay counsel” by the Rosebud Sioux Tribe, he was “represented by counsel in the case.” I believe that this conclusion is inconsistent with the meaning of the word “counsel” in the statute, so I would reverse Long’s conviction for possession of a firearm as a prohibited person.
When the Supreme Court recognized the individual right to keep and bear arms in the Second Amendment, the Court said that its opinion should not be read to cast doubt on the longstanding prohibition on “the possession of firearms by felons.” District of Columbia v. Heller, 554 U.S. 570, 626, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). In 18 U.S.C. § 922(g)(9), Congress extended the prohibition to persons who have been “convicted in any court of a misdemeanor crime of domestic violence.” When it established that prohibition, however, Congress included certain procedural safeguards that must be satisfied before a conviction qualifies. If the misdemeanor defendant was entitled to a jury trial “in the jurisdiction in which the case was tried,” then he is a prohibited person under .the firearm statute only if the case was tided to a jury or if he knowingly and intelligently waived the right to have the case tried' by a jury. Id. § 921(a)(33)(B)(i)(II). And a convicted mis-demeanant loses his Second Amendment rights only if he “was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case.” Id. § 921(a)(33)(B)(i)(I).
*749 Long was convicted of'a misdemeanor in a Rosebud Sioux tribal court. He did not waive a right to counsel in the case> so-the key issue here is whether Long was “represented by counsel in the case.”
The ordinary meaning of. “counsel” in the legal context conveyed by the .phrase “represented by counsel” is a lawyer. Webster’s defines “counsel” as “a lawyer engaged in the trial or management of a cause in court.” Webster’s Third, New International Dictionary 518 (1993). Black’s Law Dictionary says that “counsel” means “[o]ne or more lawyers who represent a client,” and in turn defines lawyer as “[o]ne who is licensed to practice law.” Black’s Law Dictionary 352, 895 (7th ed. 1999). Courts ordinarily use the term in the same way. See Zanecki v. Health All. Plan of Detroit, 576 Fed.Appx. 594, 595 (6th Cir. 2014) (“The problem, then, is that Mark Zanecki was impermissibly acting as the estate’s counsel, and [a] nonlawyer can’t handle a case on behalf of anyone except himself.”) (alteration' in original) (internal quotation omitted); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003) (“Muzikowski cannot represent the NWLL because he is not a lawyer.,.. Because NWLL has not appeared by counsel, we dismiss it as a party to this appeal.”) (citation omitted); Fernicola v. Eannance, 25 Fed.Appx. 68, 69 (2d Cir. 2002) (“Although 28 U.S.C. §1654 provides that ‘[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...,’ this does not empower a pro se non-lawyer litigant to represent' his or her child.”) (alteration in original).
The court does* not really dispute that “represented by counsel” ordinarily means represented by a lawyer, but .concludes that the modified phrase “represented, by counsel in the case” implies a--different meaning here. The natural meaning of the modified phrase, however, is simply that the person was represented by a lawyer in the criminal case that resulted in the conviction, not represented by a lawyer in some other context. Many people are represented by counsel in connection with their business affairs, estate planning, or civil litigation. The statute makes clear that a misdemeanant is a prohibited person only if he was represented by counsel in his criminal case.
The court relies on the second clause of § 921(a)(33)(B)(i)(I), which provides that a misdemeanant has a qualifying conviction if he “knowingly and intelligently waived the right to. counsel in the case.” The suggestion is that “in the case” would be superfluous here unless it implied that the second clause referred to “right to counsel” as defined by the Tribe in its constitutional provision concerning “right to counsel.” Waiver of a right to counsel under the second clause is not at issue in Long’s case. But insofar as the two clauses should be read in pari materia, the phrase “in the case” does not justify interpreting “counsel” to mean a nonlawyer in both clauses.
Absent a “plain indication to the contrary,” we assume that Congress intended a uniform national definition of.statutory terms. United States v. Storer, 413 F.3d 918, 921 (8th Cir. 2005). We should therefore assume that “counsel” carries the ordinary meaning .-of “lawyer” in all jurisdictions where misdemeanants might be prosecuted. The phrase “in the case” in the waiver clause requires the court to determine whether the defendant waived the right to a lawyer “in the case” in which he sustained the misdemeanor conviction. If federal law or the prosecuting jurisdiction provides the right to a lawyer in the case, and the defendant waives that right, then he, has been convicted of a qualifying offense. .But where, as here, neither federal *750 law nor the prosecuting jurisdiction provided the right to a lawyer, there could be no waiver that would satisfy the statute. To read more into the phrase “in the case” would dilute the procedural protections that Congress included when it added a new category of prohibited persons under § 922(g)(9).
When Long was convicted of a misdemeanor in the tribal court, he was not represented by a lawyer in the ease. Therefore, he was not “represented by counsel in the case” within the meaning of § 921(a)(33)(B)(i)(I), and he “shall not be considered to have been convicted” of a “misdemeanor crime of domestic violence” for purposes of § 922(g)(9). For these reasons, I would reverse Long’s conviction for unlawful possession of a firearm as a prohibited person and remand for resentenc-ing. I concur in Parts I and II.B of the court’s opinion, and join the decision to affirm Long’s other three convictions.