# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10082

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RONALD ERIC ARY,

Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before ELROD, COSTA, and HO, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Ronald Ary appeals his sentence following a conviction for distributing a visual depiction of a minor engaged in sexually explicit conduct. He argues that the district court erred in determining that his Texas deferred adjudications qualify as prior convictions for the purpose of 18 U.S.C. § 2252(b)(1)'s sentencing enhancement and in sentencing him to a term of imprisonment that exceeded the statutory maximum term of imprisonment charged in his indictment. Because the district court did not err, we AFFIRM.

## I.

Ary pleaded guilty to distributing a visual depiction of a minor engaged in sexually explicit conduct. Under 18 U.S.C. § 2252(b)(1), Ary was subject to

No. 17-10082

a maximum term of imprisonment of 20 years unless he had a prior conviction involving the sexual exploitation of a minor.  18 U.S.C. § 2252(b)(1).

The United States Probation Office prepared a presentence report, which noted that Ary had pleaded guilty in Texas state court to one charge of aggravated sexual assault and one charge of indecency with a child.  For both offenses, Ary was granted deferred adjudication and placed on ten years of probation with a condition to serve 90 days of imprisonment.

With a total offense level of 42 and a criminal history category of III, Ary's range was 360 months to life imprisonment under the United States Sentencing Guidelines.  The presentence report explained that the applicable maximum term of imprisonment depended on whether Ary had any qualifying prior convictions for the sexual exploitation of children.  *See* 18 U.S.C. § 2252(b)(1).  Ordinarily, for an offense under § 2252, the statutory minimum term of imprisonment is 5 years, and the maximum term of imprisonment is 20 years.  *See* § 2252(b)(1).  However, if a defendant has a previous conviction for sexual exploitation under certain federal statutes or "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children," the statutory minimum and maximum terms of imprisonment increase to 15 years and 40 years, respectively.  18 U.S.C. § 2252(b)(1).

The presentence report noted Ary's Guidelines range would be 360 to 480 months if the district court determined that he had a qualifying prior conviction.[1]  If not, the Guidelines term of imprisonment would be 240

_____

[1] The statutory maximum sentence (480 months) is less than the maximum Guidelines term (life), so the Guidelines maximum term of imprisonment becomes 480 months.  U.S.S.G. § 5G1.1(a).

months.[2] Responding to the presentence report, the government argued that the enhanced statutory maximum term in § 2252(b)(1) should be applied in Ary's case because his deferred adjudications qualified as prior convictions. In his objections to the presentence report, *inter alia*, Ary argued that the enhanced statutory maximum term should not be used to calculate his Guidelines range because: (1) Texas deferred adjudications do not qualify as convictions for purposes of § 2252(b)(1); and (2) his prior convictions were not alleged in his indictment or admitted by him.

The district court determined that Ary's deferred adjudications qualified as prior convictions and applied the enhanced minimum and maximum terms of imprisonment set forth in § 2252(b)(1). It sentenced Ary to 360 months of imprisonment and a life term of supervised release. Ary timely appealed.

## II.

Because Ary preserved his arguments for appellate review, we review his claims *de novo. See United States v. Hubbard*, 480 F.3d 341, 344 (5th Cir. 2007).

## III.

According to Ary, the district court erred in treating Ary's deferred adjudications as prior convictions because they are not convictions under § 2252(b)(1). Section 2252(b)(1) provides that a defendant who has a "prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children" is subject to

---

[2] The statutory maximum sentence (240 months) is less than the maximum Guidelines term (360 months), so the Guidelines term of imprisonment becomes 240 months. U.S.S.G. § 5G1.1(a).

No. 17-10082

a term of imprisonment of at least 15 years but not more than 40 years. 18 U.S.C. § 2252(b)(1). "Conviction" is not defined for the purpose of the § 2252(b)(1) sentencing enhancement. *See* 18 U.S.C. § 2256. And neither party has identified any Fifth Circuit cases addressing the question of whether a deferred adjudication qualifies as a "prior conviction" for the purposes of this enhancement.

One issue is whether we should consult state or federal law to define "conviction."[3]    The language of § 2252(b)(1) specifies that this sentencing enhancement applies if the defendant has a prior conviction, *inter alia*, "under *the laws of any State* relating to" the sexual exploitation of minors. 18 U.S.C. § 2252(b)(1) (emphasis added). There is a list of federal crimes between "prior conviction" and "under the laws of any State," but the prepositional phrase beginning with "under the laws of any State" refers to prior conviction.

Absent "a plain indication to the contrary . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law." *NLRB v. Nat. Gas Utility Dist. of Hawkins Cty.*, 402 U.S. 600, 603 (1971). Here, there is arguably a "plain indication to the contrary" in the text of the statute. Section 2252(b)(1) appears to instruct us to analyze whether the defendant has a prior conviction under "the laws of any State." "[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004). The statutory language suggests that we should consult state law to determine whether a deferred adjudication qualifies as a prior conviction under § 2252(b)(1).

---

[3] It is true that "[w]hether the Sentencing Guidelines apply to a prior conviction is a question of federal law." *United States v. Mills*, 843 F.3d 210, 213 (5th Cir. 2016). Here, we are interpreting a federal statute, not a provision of the Sentencing Guidelines, and so Sentencing Guidelines enhancement cases do not control.

No. 17-10082

The Eighth Circuit has said otherwise. Sitting *en banc*, the Eighth Circuit consulted federal law to decide whether a juvenile deferred adjudication is a "conviction" under § 2252(b)(1). *United States v. Gauld*, 865 F.3d 1030, 1032 (8th Cir. 2017) (en banc). *Gauld* cites to an earlier Eighth Circuit case that held that a similar statute—18 U.S.C. § 2252A(b)(2)—looks to federal law to determine what is a "conviction," but *Gauld* itself does not address the state versus federal issue in detail. *See id.* ("Even though Gauld's adjudication occurred under state law, we look to federal law to define this term." (citing *United States v. Storer*, 413 F.3d 918, 921 (8th Cir. 2005))).[4]

However, we need not decide whether federal or state law defines "conviction" under § 2252(b)(1). Under either state or federal law, Ary's deferred adjudications qualify as prior convictions. Ordinarily, "[u]nder Texas law, deferred adjudication probation is neither a conviction nor a sentence." *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 n.9 (5th Cir. 2009) (citing *Hurley v. State*, 130 S.W.3d 501, 506 (Tex. App.—Dallas 2004, no pet.)). However, there are exceptions to this general rule. Prior deferred adjudications for certain offenses, including aggravated sexual assault and indecency with a child, are counted as prior convictions under the enhancement scheme for repeat and habitual offenders. Tex. Penal Code § 12.42(g); *see also Scott v. State*, 55 S.W.3d 593, 595–96 (Tex. Crim. App. 2001). As such, Ary's two deferred adjudications, for aggravated sexual assault and indecency with a child, would be considered convictions under the Texas Penal Code.

If we were writing on a blank slate, the question of whether a deferred adjudication qualifies as a prior conviction under federal law would be more

---

[4] Interpreting 18 U.S.C. § 2252A(b)(2), the Eleventh Circuit has also consulted federal law to determine what qualifies as a conviction. *United States v. Maupin*, 520 F.3d 1304, 1306–07 (11th Cir. 2008).

difficult.  We are not.  As we have observed in a number of cases,[5] "[f]ederal law counts Texas's deferred adjudication probation as a conviction." *Mondragon-Santiago*, 564 F.3d at 368; *see also United States v. Mills*, 843 F.3d 210, 216 (5th Cir. 2016) (discussing "our treatment of deferred adjudication as the functional equivalent of a final conviction in various other contexts" under federal law).  In *United States v. Cisneros*, we held that a defendant's deferred adjudication was a prior conviction "for purposes of sentence enhancement under § 841(b)(1)(A)."  112 F.3d 1272, 1282 (5th Cir. 1997).  We reasoned that the state trial court "had to find the evidence substantiated" the defendant's guilt even though it did not enter an adjudication of guilt, and so the defendant's guilty plea that resulted in a deferred adjudication qualified as a prior conviction.  *Id.*  Here, Ary pleaded guilty to these two offenses; the district court determined that there was sufficient evidence of Ary's guilt and entered orders of deferred adjudication.  Therefore, Ary's deferred adjudications qualify as convictions under federal law as well as state law.

Accordingly, the district court did not err in applying § 2252(b)(1)'s sentencing enhancement based on Ary's deferred adjudications.

## IV.

Ary also argues that his due process rights were violated because his indictment did not allege a prior conviction, and his sentence exceeds the statutory maximum term of imprisonment under § 2252(b)(1) for a defendant without a qualifying prior conviction.  As Ary acknowledges, his argument is

---

[5] We have repeatedly treated Texas deferred adjudications as "convictions" under federal law.  *See, e.g., Mills*, 843 F.3d at 215 (holding a Texas deferred adjudication is a prior conviction for purposes of section 4B1.5(a) of the Sentencing Guidelines); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 653–56 (5th Cir. 2007) (holding that a Texas deferred adjudication is a conviction for purposes of a dismissal of a § 1983 action); *United States v. Stauder*, 73 F.3d 56, 56–57 (5th Cir. 1996) (determining that a Texas deferred adjudication is a prior conviction when calculating the defendant's criminal history score under the Sentencing Guidelines).

No. 17-10082

foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). We are bound by our precedent, and Ary's due process claim fails.

AFFIRMED.