NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0092n.06

No. 18-1545

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED** |
| | ) | Feb 26, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ADAM ROBERT HASSELL | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     MERRITT, CLAY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Adam Hassell appeals his sentence, arguing that the district court erred in its guidelines calculation and that his counsel at sentencing was ineffective.  Hassell, however, waived his right to appeal the district court's guidelines calculation, and he has not demonstrated a reason for us to take the unusual step of considering his ineffective assistance of counsel claim on direct appeal.

In 2017, Adam Hassell pled guilty to sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a).  In his plea agreement, Hassell waived his right to appeal except on six grounds.  He preserved a right to appeal on the ground that the district court "incorrectly determined the sentencing guidelines range, *if* [he] objected at sentencing on that basis."  Plea Agreement p. 8 (emphasis added).  He also preserved the right to appeal on the ground of ineffective assistance of counsel.  *Id.*

After Hassell's guilty plea, a presentence report was prepared. The PSR calculated Hassell's offense level as 43,[1] which included a 5-level enhancement under U.S.S.G. § 4B1.5(b) because "the defendant engaged in a pattern of activity involving prohibited sexual conduct." Hassell had a prior juvenile adjudication for gross indecency when he was 15 years old. Hassell had no adult criminal convictions, but with an offense level of 43 the recommended sentence was life imprisonment. The report, however, recommended a sentence of 360 months' imprisonment, because that is the statutorily prescribed maximum. *See* 18 U.S.C. § 2251(e). Hassell's counsel made no objections to the report. His counsel did, however, file a sentencing memorandum in which she requested a downward variance.

At sentencing, Hassell's counsel stated that she had no objections to the presentence report and agreed with the guidelines calculation. The district court considered but ultimately decided against a downward variance. Hassell was sentenced to 360 months' imprisonment. He now appeals his sentence.

Hassell argues that it was plain error for the district court to consider his juvenile conduct when the court determined that Hassell had engaged in "a pattern of activity involving prohibited sexual conduct," to apply a 5-level enhancement under U.S.S.G. § 4B1.5(b). Hassell waived his right to appeal on this ground. He waived his right to appeal the guidelines calculation unless he objected at sentencing, which he did not do. "It is well settled that a defendant may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (internal quotation marks omitted). "If a defendant validly waives his right to appeal pursuant to a plea agreement, this court is bound by the agreement, and will review a sentence only in limited circumstances, such as where the sentence imposed is based on racial

---

[1] Hassell's offense level was actually 44, which is treated as a 43. *See* U.S.S.G. Ch. 5, Part A, comment n.2.

discrimination or is in excess of the statutory maximum." *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012).

Hassell also argues that his counsel was ineffective for failing to object on the same grounds to the guidelines range at sentencing, but such ineffective counsel claims are generally left for collateral review. "This Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). There is no apparent error here. Hassell contends that his trial counsel's error is apparent because it was plainly incorrect to consider juvenile conduct when determining Hassell's pattern of conduct under U.S.S.G. § 4B1.5(b), and there is no reason his counsel should not have objected on this ground. These arguments do not warrant hearing this ineffective counsel claim on direct appeal.

First, it is far from clear that the district court erred in the first place in applying an enhancement on the basis of juvenile conduct in this case. Hassell points to no controlling authority for the proposition that juvenile conduct does not count for purposes of determining a "pattern" of conduct under § 4B1.5(b). Instead, he relies on cases from other circuits in which courts considered different, although arguably related, legal questions. *See United States v. Nielsen*, 694 F.3d 1032, 1038 (9th Cir. 2012); *United States v. Gauld*, 865 F.3d 1030, 1034-35 (8th Cir. 2017) (en banc). In *Nielsen*, the Ninth Circuit determined that a juvenile adjudication does not count as a "conviction" under § 4B1.5(a); the court did not discuss whether juvenile conduct could be considered under § 4B1.5(b). 694 F.3d at 1038. In *Gauld*, the Eighth Circuit determined that a juvenile adjudication was not a conviction under 18 U.S.C. § 2251(b)(1); the court did not discuss whether juvenile conduct could be considered under U.S.S.G. § 4B1.5. 865 F.3d at 1034-35. The one case Hassell cites that is directly on point (also from a different circuit) goes the other

way. In *United States v. Phillips*, 431 F.3d 86 (2d Cir. 2005), the Second Circuit concluded that "in applying § 4B1.5(b), the district court [was] permitted to take into account sexually exploitative conduct that occurred while the defendant was himself a juvenile." 431 F.3d at 93. In short, these cases do not add up to a clear error by the district court to which counsel should have objected, if they add up to any error at all.

Second, the record does not foreclose the possibility that Hassell's counsel made a reasonable litigation choice in deciding not to object on this ground. Hassell's only argument to the contrary is to pose a rhetorical question: "Given the severity of the penalty that he faced[,] what reason could justify counsel's failure to raise a challenge to the enhancement based on *Nielsen*?" Hassell Reply Br. at 4. The Government provides a possible answer: "[Hassell's] counsel may have considered raising the issue . . . but decided that focusing on the motion for a variance under the § 3553(a) factors would make for a more effective sentencing strategy." Gov't Br. at 13. Relatedly, Hassell's counsel may have thought that a guidelines interpretation argument relying on *Nielsen*—a case from a different circuit that concerned a different guidelines provision—was so weak that it might undermine his counsel's arguments for a variance.

In short, Hassell has not demonstrated that his trial counsel was so clearly ineffective in this case as to make it one of the "rare cases" where we will consider an ineffective assistance of counsel claim on direct appeal.

For these reasons, we affirm the judgment of the district court.