SHENKMAN v BRAGMAN

Docket No. 243942. Submitted February 4, 2004, at Lansing. Decided March 30, 2004, at 9:00 A.M

Kevin Shenkman, personal representative of the estate of Samuel Pryor, deceased, brought a wrongful death action in the Oakland Circuit Court against James B. Bragman, D.O., doing business as James Bennett Bragman, D.O., P.C. The court, Richard D. Kuhn, J., dismissed the complaint on the basis that Shenkman, who is not an attorney and who did not employ an attorney to bring the action, was engaged in the unauthorized practice of law in violation of MCL 600.916. The Court of Appeals dismissed a claim of appeal by Shenkman on the basis of his failure to obtain an attorney to prosecute the appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 467 Mich 873 (2002).

The Court of Appeals *held*:

1. The provision in MCL 600.2922(2) that states that a wrongful death action "shall be brought by, and in the name of, the personal representative" means that the estate's cause of action is brought by, and in the name of, the personal representative, but does not mean that the cause of action transfers over to, or becomes the right of, the personal representative.

2. MCL 600.2922(3) does not authorize the decedent's heirs to themselves bring an action.

3. MCR 2.201 provides that a personal representative is a separate entity from the estate served and that the estate, not the personal representative, remains the real party in interest for whose benefit the action is brought.

4. Although Const 1963, art 1, § 13 provides a constitutional right for a nonlawyer to represent himself in his own proper person, Shenkman is not the true plaintiff in this matter, the estate is. Because Shenkman was not representing himself in this matter but was representing a client, the estate, he was engaged in the unauthorized practice of law.

Affirmed.

EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — WRONGFUL
   DEATH ACTIONS.

   A personal representative of a decedent's estate is a separate entity
      from the estate served; the estate, not the personal representative,
      remains the real party in interest for whose benefit the personal
      representative brings a wrongful death action; although a wrong-
      ful death action is brought by, and in the name of, the personal
      representative, the cause of action does not transfer to, or become
      the right of, the personal representative (MCR 2.201; MCL
      600.2922).

Kevin Shenkman in propria persona.

*Saurbier & Siegan, P.C.* (by *Scott A. Saurbier* and
*Debbie K. Taylor*), for the defendant.

Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.

BANDSTRA, J. This matter has been remanded to us
from the Supreme Court for consideration as on leave
granted. 467 Mich 873 (2002). Plaintiff is the personal
representative of his grandfather's estate and brought
this wrongful death action against defendant without
employing an attorney to do so. The lower court con-
cluded that plaintiff was thus engaged in the unautho-
rized practice of law and, as a result, dismissed the
complaint without prejudice. The sole issue before us is,
therefore, whether plaintiff was engaged in the unau-
thorized practice of law under these facts. We conclude
that he was and affirm the lower court order dismissing
his complaint.

This case involves the construction of a statute, the
wrongful death act, MCL 600.2922. Thus, it involves a
question of law that we review de novo. *In re Kubiskey
Estate*, 236 Mich App 443, 447-448; 600 NW2d 439
(1999). When construing a statute, this Court must
consider the object of the statute and apply a reasonable
construction that best accomplishes the purpose of the

statute. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). Moreover, in doing so we must read each statutory provision in the context of the entire statute, so as to produce a harmonious whole. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001).

Plaintiff relies heavily on language from the statute indicating that a wrongful death action "shall be brought by, and in the name of, the personal representative" of the decedent's estate. MCL 600.2922(2). This language has never been construed in any precedent considering the question or facts at issue here. Further, we find totally inapposite the few cases that the litigants claim are analogous or otherwise helpful.

Instead, we find some guidance in the statutory scheme into which this language fits:

> (1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.
>
> (2) Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased person. Within 30 days after the commencement of an action, the personal representative shall serve a copy of the complaint and notice as prescribed in subsection (4) upon the person or persons who may be entitled to damages under subsection (3) in the manner and method provided in the rules applicable to probate court proceedings.
>
> (3) Subject to sections 2802 to 2805 of the estates and protected individuals code, 1998 PA 386, MCL 700.2802 to

700.2805, the person or persons who may be entitled to damages under this section shall be limited to any of the following who suffer damages and survive the deceased:

(a) The deceased's spouse, children, descendants, parents, grandparents, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased.

(b) The children of the deceased's spouse.

(c) Those persons who are devisees under the will of the deceased, except those whose relationship with the decedent violated Michigan law, including beneficiaries of a trust under the will, those persons who are designated in the will as persons who may be entitled to damages under this section, and the beneficiaries of a living trust of the deceased if there is a devise to that trust in the will of the deceased. [MCL 600.2922.]

Under these provisions, a person or corporation who would otherwise be liable for a death remains so even though the "party injured" is no longer able to "maintain an action," being deceased. MCL 600.2922(1). That person or corporation is liable to the heirs of the decedent's estate who suffer damages as a result of the death. MCL 600.2922(3). However, subsection 2922(3) does not authorize those heirs to themselves bring an action. Instead, subsection 2922(2) states that the action "shall be brought by, and in the name of, the personal representative of the estate . . . ."

Viewed in this context, the subsection 2922(2) language appellant relies on is best understood as merely establishing the process by which liability for damages, preserved notwithstanding the death that gives rise to the operation of the statute, must be pursued. The estate, not the heirs, may bring an action and, as with other matters involving the estate, the duly appointed personal representative acts for, or represents, the

estate. See, e.g., MCL 700.3703(1) (a personal representative is a fiduciary who must act to advance the best interests of the estate). It is in that sense that the estate's action is "brought by, and in the name of," the personal representative. That the estate's cause of action is "brought by, and in the name of," the personal representative does not mean, however, that the cause of action transfers over to, or becomes the right of, the personal representative.

We note that this analysis comports with MCR 2.201. Although actions must generally be "prosecuted in the name of the real party in interest," MCR 2.201(B), a "personal representative . . . may sue in his or her own name without joining the party for whose benefit the action is brought," MCR 2.201(B)(1). These provisions more clearly state what the statute contemplates, albeit less clearly, that a personal representative is a separate entity from the estate served and that the estate, not the personal representative, remains "the real party in interest . . . for whose benefit the action is brought." MCR 2.201(B), MCR 2.201(B)(1).

And this presents the fatal flaw in appellant's argument. That argument is premised on his constitutional right as a nonlawyer to represent himself "in his own proper person . . . ." Const 1963, art 1, § 13. We acknowledge that right. However, under the statute as we analyze it, appellant is not the true plaintiff here; the estate is. Appellant is not, in other words, representing himself in this litigation. Instead, he is representing a client, the estate. Thus, he is engaged in the unauthorized practice of law. MCL 600.916. The trial court did not err in so concluding.

We affirm.