NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0636n.06

Case Nos. 13-1581/13-1667

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARK ZANECKI, Personal Representative of the Estate of Richard M. Zanecki, deceased, | ) ) ) | |
| Plaintiff-Appellant (13-1581), Plaintiff-Appellant-Cross Appellee (13-1581 & 13-1667), | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | OPINION |
| HEALTH ALLIANCE PLAN OF DETROIT – INSTITUTIONAL REVIEW BOARD | ) ) ) | |
| Defendant, | ) ) | |
| INSTITUTIONAL REVIEW BOARD - ST. JOSEPH MERCY OAKLAND HOSP. - TRINITY HEALLTH SYSTEM IRB #1 | ) ) ) ) | |
| Defendant-Appellee-Cross Appellant (13-1581 & 13-1667), | ) ) ) | |
| INSTITUTIONAL REVIEW BOARD - HENRY FORD HEALTH SYSTEM IRB #1 | ) ) ) ) | |
| Defendant-Appellee (13-1581). | ) ) | |

BEFORE: DAUGHTREY, CLAY and STRANCH, Circuit Judges.

**PER CURIAM.**  Richard M. Zanecki suffered a transient ischemic attack (sometimes called a "mini stroke"), underwent a procedure involving a Boston Scientific Wingspan Stent, and died.  His estate, acting through Mark M. Zanecki, the estate's personal representative, filed suit against three institutional review boards and various medical personnel, alleging a variety of claims—including a claim under 42 U.S.C. § 1983—arising from the procedure and the decision to use the stent.  Protracted litigation ensued.  The district court dismissed all but the estate's § 1983 claim and eventually dismissed the entire case on statute-of-limitations grounds.

As this is a § 1983 case, "state law determines what statute of limitations applies" and "federal law determines when the statutory period begins to run."  *Harrison v. Mich.*, 722 F.3d 768, 772 (6th Cir. 2013).  Michigan's three-year statute of limitations applies, Mich. Comp. Laws § 600.5805(10), and, under federal law, "begins to run when the plaintiff knows or has reason to know that act the providing the basis of his or her injury has occurred."  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). As the district court correctly stated:

> Here, the injury and the cause of the injury was apparent, or should have been apparent, to Plaintiff: the Wingspan Stent and the use of the Wingspan Stent. His cause of action accrued, as the magistrate judge stated, when his father passed, on October 3, 2007, or, at the latest, in December, 2007, when he learned from the coroner that the stent caused his father's death. From that information, Plaintiff was on notice that the stent, its use, its manufacturing, and its approval to be used, could have been the cause of the death. The Court therefore finds that the statute of limitations has run, and that Plaintiff's claims are barred.

*Zanecki v. Inst. Review Bd.: Henry Ford Health Sys. IRB No. 1*, No. 12-13233, 2013 WL 992635, at *3 (E.D. Mich. Mar. 13, 2013).  We find no error in the district courts conclusion; the statute of limitations bars this claim.

There is one complication.  Mark Zanecki is not a lawyer, which is to say that Richard Zanecki's estate was represented by a layperson and not by counsel.  After the district court dismissed the case, the estate, finally represented by counsel, filed a motion for relief from the

judgment, arguing in part that it should be allowed to amend its complaint because Mark Zanecki had been engaged in the unauthorized practice of law. The district court denied the motion: "Plaintiff chose to proceed pro se in this case. The Court respects his choice, but also cannot afford him any special treatment of second chances."

Although the district court used the term "pro se," it is clear to us that Mark Zanecki was purporting to represent his father's estate, "the real party in interest . . . for whose benefit the action was brought." *Shenkman v. Bragman*, 682 N.W.2d 516, 519 (Mich. Ct. App. 2004) (quotation marks omitted). "Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.*, 550 U.S. 516 (2007); *see also Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002). The problem, then, is that Mark Zanecki was impermissibly acting as the estate's counsel, and "[a] nonlawyer can't handle a case on behalf of anyone except himself." *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *see also* 28 U.S.C. § 1654.

"Everyone knew that [Mark Zanecki] wasn't a lawyer," one Defendant's counsel told us at oral argument, "the lawyers knew and the [district] court knew." Under different circumstances, we would face a dilemma:

> A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

*C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987). The rule against non-lawyer representation "protects the rights of those before the court" by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent. *Myers v.*

3

*Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). Lawyers and judges alike have a duty to prevent the unauthorized practice of law; we are troubled that Zanecki was allowed to proceed as a "pro se" litigant. In situations like this, the usual course of action is to dismiss the case without prejudice. *See Shepherd*, 313 F.3d at 71; *Georgakis*, 722 F.3d at 1078; *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005). But the unusual circumstances of the case, where the estate has now retained counsel and specifically waived the argument that the district court should have dismissed without prejudice, allow us to reach the merits of the estate's § 1983 claim.

The district court's judgment is AFFIRMED.