*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PERI ROANNE WEINGRAD,

      Plaintiff-Appellant,

v

CONSTANCE JONES,

      Defendant-Appellee.

UNPUBLISHED
October 17, 2019

No. 342873
Washtenaw Probate Court
LC No. 17-000520-CZ

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff filed this action against defendant, who is the personal representative of the estate of plaintiff's father. Plaintiff's complaint contained 17 counts on 10 different theories of recovery, the majority of which were dismissed before trial under MCR 2.116(C)(8). The case proceeded to a bench trial on claims of breach of contract and unjust enrichment, following which the court entered judgment in favor of defendant. Plaintiff now appeals as of right. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff's father, Joel Weingrad,[1] died on June 17, 2015. Following his death, estate proceedings were initiated in Washtenaw Probate Court before Judge Owdziej, and defendant was appointed by the court as personal representative of the estate. Apparently, Joel's only significant asset was a residential property in Ann Arbor, Michigan. While the estate proceedings were ongoing, in November 2016, plaintiff filed a separate complaint in Washtenaw Circuit Court claiming that she held a mortgage and promissory note on Joel's home; plaintiff sought to foreclose on the property and quiet title in her name. The circuit court property dispute was transferred to the probate court and consolidated with the estate proceedings before Judge

---

[1] Because he shares the same last name as plaintiff, we will refer to plaintiff's father as Joel in this opinion.

Owdziej. Notably, on August 8, 2017, Judge Owdziej entered an order concluding that plaintiff had not shown that she was entitled to enforce the note and mortgage that was in her possession, which had actually been given by Joel to his parents. Judge Owdziej held plaintiff failed to demonstrate she had personally acquired any rights under the note and mortgage. Accordingly, Judge Owdziej rejected plaintiff's request to foreclose and to quiet title to the property in her name.

On May 16, 2017, while the consolidated estate and foreclosure proceedings were still pending, plaintiff filed in the probate court the current lawsuit that is now the subject of the instant appeal. This third case was also assigned to Judge Owdziej, although this case was not consolidated with the other proceedings. Here, plaintiff's first amended complaint alleged 17 counts against defendant in her capacities as an individual, as personal representative of the estate, and as attorney for the personal representative of the estate. In an October 26, 2017 order, the trial court granted summary disposition to defendant on all of plaintiff's claims except for two. The trial court permitted plaintiff's action to proceed on her claims of breach of contract and unjust enrichment (Counts I and II), and these claims were only allowed to proceed against defendant in her capacity as personal representative.[2] The trial court determined that Counts I and II should be treated as a creditor action against the personal representative to enforce a claim under MCL 700.3806(1).[3] Thereafter, the case proceeded to a bench trial on these two remaining claims. Following a bench trial, Judge Owdziej entered judgment in favor of defendant, concluding that plaintiff had failed to establish her claims for breach of contract and unjust enrichment. Plaintiff now appeals as of right.

II. ANALYSIS

A, JUDCIAL BIAS

On appeal, plaintiff seemingly argues that Judge Owdziej should have been disqualified from the instant case either because she was actually biased or because her involvement in the consolidated estate and foreclosure proceedings created an intolerable risk of bias in the instant case. Plaintiff maintains that Judge Owdziej was required in the current case to review her own decisions from the other cases and that Judge Owdziej's past involvement caused her to prejudge the current case. More generally, plaintiff asserts her disagreement with many of Judge Owdziej's rulings in the current case, and plaintiff contends that Judge Owdziej improperly injected her own "judicial impressions" into the current proceedings.

Plaintiff failed to file a motion for disqualification, meaning that her claim of judicial bias is unpreserved. See MCR 2.003(D)(1)(a); *Meagher v Wayne State Univ*, 222 Mich App 700,

---

[2] Counts I and II were dismissed as to defendant individually and in her capacity as attorney to the personal representative.

[3] Counts I and II were premised on an alleged contract plaintiff claimed to have made with Joel before he died whereby plaintiff would perform certain work related to improving the condition of Joel's house in exchange for a piano.

726; 565 NW2d 401 (1997); *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). "Michigan generally follows the 'raise or waive' rule of appellate review." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Generally, a litigant who fails to timely raise an issue waives appellate review of that issue unless appellate review is necessary to prevent a miscarriage of justice. *Id.*; *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-193; 920 NW2d 148 (2018). Specifically, with respect to a claim of judicial bias raised for the first time on appeal, this Court need not consider such unpreserved claims absent unusual circumstances. *Meagher*, 222 Mich App at 726. In this case, plaintiff has not demonstrated any unusual circumstances or otherwise shown that a miscarriage of justice will occur if we do not review her unpreserved claims of judicial bias. Thus, these arguments are waived. "Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention." *Walters*, 481 Mich at 388.

Moreover, plaintiff has not identified any actual bias or prejudice, nor has plaintiff demonstrated that there was an objectively reasonable serious risk of actual bias or appearance of impropriety.

"The Due Process Clause requires an unbiased and impartial decisionmaker." *Cain v Mich Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). "A trial judge is presumed to be fair and impartial, and any litigant who would challenge this presumption bears a heavy burden to prove otherwise." *In re Susser Estate*, 254 Mich App 232, 237; 657 NW2d 147 (2002). Relevant to plaintiff's arguments on appeal, under MCR 2.003(C)(1), judicial disqualification is warranted if:

> (a) The judge is biased or prejudiced for or against a party or attorney.

> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

MCR 2.003(C)(1)(a) requires a showing of actual bias or prejudice. See *Cain*, 451 Mich at 495. "Opinions formed by a judge on the basis of facts introduced or events occurring during the course of the current proceedings, or of prior proceedings, do not constitute bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Schellenberg v Rochester, Mich, Lodge No 2225*, 228 Mich App 20, 39; 577 NW2d 163 (1998). And "[t]he mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a " 'deep-seated favoritism or antagonism that would make fair judgment impossible' " and overcomes a heavy presumption of judicial impartiality." *Id.* (citation omitted; alteration in original).

In contrast to MCR 2.003(C)(1)(a), a showing of actual bias is not required to establish a due-process violation or an appearance of impropriety under MCR 2.003(C)(1)(b). *Okrie v*

*Michigan*, 306 Mich App 445, 471-473; 857 NW2d 254 (2014). A party "need not show actual bias [i]f the situation is one in which experience teaches that the probability of actual bias on the part of a decision maker is too high to be constitutionally tolerable." *Id*. at 471 (quotation marks and citation omitted; alteration in original). "In evaluating this issue, we consider whether, under a realistic appraisal of psychological tendencies and human weakness, the interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Id*. (quotation marks and citation omitted). Whether an appearance of impropriety exists requires application of an objective standard to determine "whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Id*. at 472 (quotation marks and citation omitted).

In this case, plaintiff's claims of judicial bias are premised on her disagreements with various rulings made by Judge Owdziej and the fact that Judge Owdziej also presided over the prior estate and foreclosure proceedings. Plaintiff has not shown that any of these rulings were based on deep-seated favoritism or antagonism, and Judge Owdziej's rulings therefore do not demonstrate judicial bias. *In re Contempt of Henry*, 282 Mich App at 680. In addition, "[m]erely proving that a judge was involved in a prior trial or other proceeding against the same [party] does not amount to proof of bias for purposes of disqualification." *People v Upshaw*, 172 Mich App 386, 388; 431 NW2d 520 (1988).

Additionally, plaintiff particularly points on appeal to her civil conspiracy claim, in which she made bare assertions seeming to imply that certain acts of Judge Owdziej in the consolidated estate and foreclosure proceedings were part of a civil conspiracy against plaintiff but without naming Judge Owdziej as a party to the action or including any allegations to show that there was actually a conspiracy. We find the following analysis persuasive and adopt it as our own for purposes of this case:

> Ordinarily, a judge should disqualify himself when specifically named as a conspirator in a complaint because "the possibility of actual bias is too high to be constitutionally tolerable." Indeed, we can envision few situations in which disqualification would not be required when, as in the present case, a judge is named in a complaint as a conspirator in wrongdoing.

> Here, however, the highly unusual circumstances demonstrate that the possibility of actual bias was not so high as to require disqualification. During the underlying criminal proceedings, plaintiff was found incompetent to assist in his own defense. In motions, grievances, and the present malpractice actions, plaintiff pursued a conspiracy theory that he alleged included both defendants [who had provided plaintiff with legal representation in the underlying criminal proceedings], the prosecutor and both the trial judge and chief judge in #190657. We note that while plaintiff alleged in his complaint in #190657 that both the trial judge and chief judge were a part of this conspiracy, he did not name them as parties. Our review of the record indicates that plaintiff has failed to provide any corroboration of this conspiracy theory. If plaintiff could have raised a genuine factual issue regarding this theory, he would have done so in response to defendants' motions for summary disposition. As discussed below, in both

-4-

#188486 and #190657, the trial judges appropriately granted the summary disposition motions, which required consideration of the substance of plaintiff's conspiracy claims. Plaintiff has had several opportunities to present evidence confirming this conspiracy theory and has failed to do so. When a party makes unsubstantiated charges toward a judge, we cannot ignore the possibility that such charges are an attempt to judge-shop. Here, plaintiff leveled unsubstantiated conspiracy charges at virtually everybody involved in his criminal proceedings, as well as making independent charges of bias against the trial judge in #188486. . . . [A]utomatic disqualification on the mere filing of a complaint naming a judge would allow plaintiffs to judge-shop by including frivolous allegations of wrongdoing by a judge in a complaint. Our review of the record here convinces us that plaintiff utterly failed to substantiate the conspiracy allegations and that the trial judge and chief judge accordingly did not abuse their discretion in failing to disqualify themselves on the basis of such allegations. [*Starks v Varga*, unpublished per curiam opinion of the Court of Appeals, issued April 8, 1997 (Docket No. 188486), p 4 (citations omitted).]

Accordingly, plaintiff is not entitled to relief on this issue.

## B. SUMMARY DISPOSITION

Next, plaintiff contends that the probate court erred by granting defendant's motion for partial summary disposition under MCR 2.116(C)(8).[4] We review de novo the trial court's decision on a motion for summary disposition. *Oesterle v Wallace*, 272 Mich App 260, 263; 725 NW2d 470 (2006).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only when the claims alleged "are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." [*Johnson v Pastoriza*, 491 Mich 417, 434-435; 818 NW2d 279 (2012) (citations omitted).]

Summary disposition on the basis of a prior judgment, i.e., collateral estoppel or res judicata, is properly granted under MCR 2.116(C)(7). *King v Munro*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341714); slip op at 2; *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). "[I]n considering a motion under that subrule, the court may consider all affidavits, pleadings, and other documentary evidence, construing them in the light most favorable to the nonmoving party." *Alcona*, 233 Mich App at

---

[4] However, plaintiff states in her brief on appeal that she "waives review" of the dismissal of her constructive fraud claim.

-5-

246. "A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017).

Plaintiff briefly asserts that the trial court erred by dismissing her claims for breach of contract and unjust enrichment against defendant in her individual capacity. Plaintiff's breach of contract claim was premised on an alleged contract that plaintiff claimed to have made with Joel before his death whereby she would perform certain work for him related to improving the conditions of his house in exchange for a piano. Her unjust enrichment claim was based on the alleged failure to compensate plaintiff for the value she claimed to have added to the house for the work she claimed to have performed. Plaintiff's claims for breach of contract and unjust enrichment—premised on a purported agreement with Joel—are plainly claims solely against Joel's estate, making defendant a proper party in her capacity as personal representative for the estate rather than in her individual capacity. See generally *Shenkman v Bragman*, 261 Mich App 412, 416; 682 NW2d 516 (2004) (discussing distinction between personal representative's representative and individual capacities). The only apparent connection between defendant and plaintiff's alleged contract with Joel is that plaintiff submitted her claim to defendant as the estate's personal representative for payment and plaintiff sought to obtain payment of this claim through the instant action. A claimant may commence a proceeding against the personal representative if the personal representative has disallowed the claimant's claim against the estate. MCL 700.3806(1); *In re Weber Estate*, 257 Mich App 558, 561; 669 NW2d 288 (2003). This is exactly how the trial court treated plaintiff's breach of contract and unjust enrichment claims in permitting them to proceed to trial. Accordingly, the trial court did not err by dismissing plaintiff's claims for breach of contract and unjust enrichment against defendant in her individual capacity under MCR 2.116(C)(8).

Next, plaintiff argues that the trial court erred by dismissing her various breach of fiduciary duty claims. The common theme of these claims was that plaintiff disagreed with various actions taken by defendant related to the estate and such actions therefore constituted a breach of defendant's fiduciary duty.

Under MCL 700.3712, "[i]f the exercise or failure to exercise a power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of fiduciary duty to the same extent as a trustee of an express trust."[5] MCL 700.3703(1) expressly provides that a personal representative is a fiduciary:

---

[5] MCL 700.1105(c) provides as follows:

"Interested person" or "person interested in an estate" includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. Identification of interested persons may vary

-6-

A personal representative is a fiduciary who shall observe the standard of care applicable to a trustee as described by section 7803. A personal representative is under a duty to settle and distribute the decedent's estate in accordance with the terms of a probated and effective will and this act, and as expeditiously and efficiently as is consistent with the best interests of the estate. The personal representative shall use the authority conferred by this act, the terms of the will, if any, and an order in a proceeding to which the personal representative is party for the best interests of claimants whose claims have been allowed and of successors to the estate.

MCL 700.1212(1) describes the duties of a fiduciary:

A fiduciary stands in a position of confidence and trust with respect to each heir, devisee, beneficiary, protected individual, or ward for whom the person is a fiduciary. A fiduciary shall observe the standard of care described in section 7803 and shall discharge all of the duties and obligations of a confidential and fiduciary relationship, including the duties of undivided loyalty; impartiality between heirs, devisees, and beneficiaries; care and prudence in actions; and segregation of assets held in the fiduciary capacity. With respect to investments, a fiduciary shall conform to the Michigan prudent investor rule.

MCL 700.7803, referenced in each of the above statutes, provides as follows:

The trustee shall act as would a prudent person in dealing with the property of another, including following the standards of the Michigan prudent investor rule. If the trustee has special skills or is named trustee on the basis of representation of special skills or expertise, the trustee is under a duty to use those skills.

"[A] claim of breach of fiduciary duty is generally defined as follows: Damages may be obtained for a breach of fiduciary duty when a position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *In re Baldwin Trust*, 274 Mich App 387, 401; 733 NW2d 419 (2007), aff'd 480 Mich 915 (2007) (quotation marks and citation omitted).[6]

---

from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, and by the supreme court rules.

[6] Although the Michigan Supreme Court affirmed this Court's decision in *In re Baldwin Trust*, the Supreme Court rejected some of the reasoning of the Court of Appeals majority; specifically, the Supreme Court held that "[u]nder the facts of this case, which the probate court judge viewed in the light most favorable to the petitioner, even if the respondent [trustee and personal representative] owed a duty to the petitioner, the probate judge did not err in granting summary disposition to the respondent in both the estate proceeding and the trust proceeding, because

In this case, plaintiff cites no authority for the proposition that her mere disagreements with the decisions of defendant as the personal representative establishes that defendant breached her fiduciary duty. Defendant had a duty to act in the best interests of the estate, MCL 700.3703(1), and a duty to act with impartiality between heirs, devisees, and beneficiaries, MCL 700.1212(1). However, plaintiff argued that defendant's fiduciary duty was to accede to plaintiff's precise demands and make decisions about matters involving the estate that were in accordance with the outcomes plaintiff desired. Clearly, this is not the nature of a personal representative's fiduciary duty, and plaintiff understandably has not cited any legal authority that would permit us to so conclude. Furthermore, the claims for breach of fiduciary duty in plaintiff's first amended complaint contain no allegations, beyond plaintiff's mere subjective and conclusory assertions of disagreement with defendant's decisions, as to how any of defendant's actions were legally improper such that they constituted a breach of fiduciary duty. See MCL 700.3712. Accordingly, the trial court did not err by dismissing plaintiff's breach of fiduciary duty claims under MCR 2.116(C)(8) for failure to state a claim on which relief may be granted. See *In re Hammond Estate*, 215 Mich App 379, 385-386; 547 NW2d 36 (1996) (concluding claims of improper estate administration and breach of fiduciary duty were without merit when the appellants failed to provide any support for position that the personal representative's conduct was improper, constituted wrongdoing, or was a breach of fiduciary duty); accord *In re Baldwin Trust*, 480 Mich at 915.

Next, plaintiff argues that the trial court erred by dismissing her abuse of process claim. This claim was essentially a challenge to actions that defendant took in connection with efforts to sell Joel's home.

> A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure, e.g., where the defendant utilizes discovery in a manner consistent with the rules of procedure, but for the improper purpose of imposing an added burden and expense on the opposing party in an effort to conclude the litigation on favorable terms. [*Dalley v Dykema Gossett*, 287 Mich App 296, 322; 788 NW2d 679 (2010) (quotation marks and citation omitted).]

More fully, this Court has explained a claim for abuse of process as follows:

> Abuse of process is the wrongful use of the process of a court. This action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue. To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding. . . . [T]he act must be something more than just the initiation of a

---

there was no evidence of wrongdoing by the respondent." *In re Baldwin Trust*, 480 Mich 915 (2007).

lawsuit, and the ulterior purpose has to be something other than settling a suit. . . . One way in which process is sometimes abused, is by making use of it to accomplish not the ostensible purpose for which it is taken out, but some other purpose for which it is an illegitimate and unlawful means. [*Lawrence v Burdi*, 314 Mich App 203, 211-212; 886 NW2d 748 (2016) (quotation marks and citations omitted).]

In this case, plaintiff's allegation that defendant wanted to sell the house is not an allegation of an improper or ulterior purpose; it is simply an indication that defendant was acting in her capacity as personal representative to sell Joel's property and to settle his estate. See MCL 700.3703(1); MCL 700.3711. Absent an allegation that defendant had an ulterior purpose, i.e., some purpose other than settling Joel's estate, plaintiff failed to state a claim for abuse of process. Accordingly, plaintiff is not entitled to relief on this issue.

Next, plaintiff contends that the trial court erred by dismissing her claim of civil conspiracy. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003), aff'd 472 Mich 91 (2005) (quotation marks and citation omitted); see also *Urbain v Beierling*, 301 Mich App 114, 131; 835 NW2d 455 (2013). "[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Advocacy Org*, 257 Mich App at 384 (quotation marks and citation omitted); see also *Urbain*, 301 Mich App at 132 (stating that a civil conspiracy claim requires the plaintiff to "establish some underlying tortious conduct").

In setting forth her claim for civil conspiracy in the first amended complaint, plaintiff complained about an ex parte order defendant obtained from the trial court related to attempts to sell Joel's home. However, plaintiff's allegations do not indicate how plaintiff believes this was a criminal or unlawful act, nor do they indicate what criminal or unlawful purpose plaintiff believes was accomplished. We note that a personal representative generally "has the same power over the title to estate property that an absolute owner would have, in trust, however, for the benefit of creditors or others interested in the estate" and that the personal representative may generally exercise this power "without notice, hearing, or court order." MCL 700.3711. Plaintiff's allegations in her first amended complaint do not demonstrate that the actions related to attempts to sell the house constituted an actionable tort. As previously stated, plaintiff failed to sufficiently allege that any underlying tort occurred and thus did not state a claim for civil conspiracy. *Advocacy Org*, 257 Mich App at 384; *Urbain*, 301 Mich App at 132. Accordingly, plaintiff is not entitled to relief on this issue.

Next, plaintiff argues that the trial court erred by dismissing plaintiff's claims for deprivation of rights under color of law.

"42 USC 1983 is the all-purpose federal civil rights statute, providing a remedy for violations of the federal constitution and other federal law. A plaintiff must demonstrate that the defendants, acting under color of state law, deprived it of a right secured by the constitution or the laws of the United States." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 195; 761 NW2d 293 (2008). With respect to determining whether the requisite state-action element

has been satisfied, "[a] private actor acts under color of state law when its conduct is fairly attributable to the state." *Moore v Detroit Entertainment, LLC*, 279 Mich App 195, 203; 755 NW2d 686 (2008) (quotation marks and citation omitted).

The trial court in this case dismissed plaintiff's § 1983 claims because defendant was not a state actor. On appeal, plaintiff maintains that defendant was a state actor because her appointment as personal representative gave her powers "by virtue of state law." However, plaintiff has cited no authority to support the proposition that a person is considered a state actor for purposes of claims under § 1983 merely because that person has been appointed to be the personal representative of an estate. Therefore, plaintiff has abandoned this issue on appeal. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give issues cursory treatment with little or no citation of supporting authority." *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted).

Next, plaintiff argues that the trial court erred by dismissing her professional malpractice claim. The trial court ruled that summary disposition was warranted because plaintiff and defendant did not have an attorney-client relationship.

To establish a claim for legal malpractice, a plaintiff must show: (1) that there was an attorney-client relationship; (2) that there was negligence in the legal representation provided to the plaintiff; (3) that this negligence was a proximate cause of an injury; and (4) "the fact and extent of the injury alleged." *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015) (quotation marks and citation omitted). "Absent unique circumstances, an attorney is only liable in negligence to [her] client." *Maki Estate v Coen*, 318 Mich App 532, 539; 899 NW2d 111 (2017) (quotation marks and citation omitted).

In this case, plaintiff's first amended complaint did not include any allegations that plaintiff actually had an attorney-client relationship with defendant. Instead, plaintiff made the vague allegation that she was a "beneficiary of certain fiduciary relationships entered into by Defendant." On appeal, plaintiff argues that her status as an intended third-party beneficiary of an attorney-client relationship permits her to bring a claim of legal malpractice against defendant. Plaintiff contends that as an heir, she "is not merely an intended third-party beneficiary of Defendant's appointment in representation of the estate, but a statutory third-party beneficiary." However, plaintiff has not cited any legal authority to support the proposition that a person's status as an heir automatically makes that person an intended third-party beneficiary with the ability to assert a claim of legal malpractice against the attorney for the personal representative of an estate. Therefore, plaintiff has abandoned her argument on appeal. *Houghton*, 256 Mich App at 339. Even if we were to consider plaintiff's arguments they are devoid of merit.

Plaintiff's final claims alleged that she was entitled to Joel's house and unspecified personal property inside of it. The trial court granted summary disposition on these claims because it concluded that they were premised on plaintiff's contention that she held a promissory note and mortgage entitling her to Joel's house and its contents, which was a position that the trial court had "already rejected."

Plaintiff first argues that the trial court erred because it granted summary disposition on these claims under MCR 2.116(C)(8) when its ruling was clearly based on the preclusive effect of the court's prior order in the other proceedings and should have been made under MCR 2.116(C)(7). Plaintiff is correct that MCR 2.116(C)(7) is the proper subrule for granting summary disposition on this basis. See *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). However, the fact that the trial court relied on MCR 2.116(C)(8) rather than (C)(7) "makes no difference" because this Court "ordinarily affirms a trial court's decision if it reached the right result, even for the wrong reasons." *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 150; 624 NW2d 197 (2000). Thus, plaintiff has not demonstrated that she is entitled to any relief on the basis of this argument.

Next, plaintiff argues that the trial court erred by basing its decision on a prior rejection of plaintiff's position because, according to plaintiff, no such order or judgment exists rejecting her right to enforce the promissory note and mortgage. However, plaintiff is incorrect. The trial court's order to this effect, which was entered in the consolidated estate and foreclosure proceeding, is also contained in the record of the instant case as an attachment to defendant's motion for summary disposition.[7] Plaintiff therefore also has not shown that the trial court erred on this basis.

Finally, plaintiff asserts in conclusory fashion and without any analysis that she "retains the right to move for amended pleadings." Because plaintiff did not include any discussion or argument related to this issue, it is abandoned. *Houghton*, 256 Mich App at 339.

Affirmed. Defendant having prevailed in full, is entitled to costs. MCR 7.219(A).

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

[7] When deciding a motion under MCR 2.116(C)(7), "this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties." *RDM Holdings*, 281 Mich App at 687.