*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH J. MITAN,

        Plaintiff/Counterdefendant-Appellant,

V

FARMINGTON SQUARE CONDOMINIUM
ASSOCIATION,

        Defendant/Counterplaintiff-Appellee,

and

JOHN P. CARROLL CO., INC., CHELSEA
EVASIC, and MAKOWER ABBATE &
ASSOCIATES, PLLC,

        Defendants-Appellees.

UNPUBLISHED
February 25, 2021

No. 350053
Oakland Circuit Court
LC No. 2018-165641-CZ

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's rulings granting defendants' motion for summary disposition under MCR 2.116(C)(10), denying plaintiff's cross-motion for summary disposition, and entering summary judgment in favor of defendant Farmington Square Condominium Association (Farmington Square) on its counterclaim for foreclosure of a lien for unpaid condominium assessments. We affirm the summary dismissal of plaintiff's lawsuit but reverse the foreclosure judgment on Farmington Square's counterclaim and remand for further proceedings.

Plaintiff is the son of Frank Mitan, Jr., who died in 2010. Following the death, plaintiff assumed the role of personal representative of his father's estate, which remains open. Plaintiff's father previously owned a condominium unit in the Farmington Square Condominium Complex. Title to the condominium unit is now held by the estate. In May 2018, plaintiff filed this action against Farmington Square and its management company, defendant John P. Carroll Company, Inc. (Carroll). Plaintiff filed an amended complaint adding Chelsea Evasic, who worked for

-1-

Carroll as a property manager responsible for the condominium complex, and Makower Abbate & Associates, PLLC, as defendants.[1]

The substance of plaintiff's claims derived primarily from problems encountered by a tenant of the estate's condominium unit and Farmington Square's efforts to collect unpaid condominium assessments. Farmington Square had recorded a notice of lien against the unit. According to plaintiff's complaint, the tenant was unable to access a service room in the building for a two-week period because the key to the room had been lost, which prevented the tenant from changing his Internet service provider during that period. As relevant to this appeal, plaintiff's amended complaint included claims for private nuisance, breach of the condominium's master deed, a third-party beneficiary claim against Carroll for breach of its management agreement with Farmington Square, a violation of the Condominium Act, MCL 559.101 *et seq.*, and breaches of Farmington Square's bylaws.[2] In several of the allegations contained in the complaint, plaintiff referred to the damages incurred by "the Estate." Farmington Square filed a counterclaim for foreclosure of its lien and money damages for delinquent assessments. The counterclaim named "Keith J. Mitan, . . . personal representative for the Estate of Frank Mitan[,]" as counterdefendant. Plaintiff filed an answer to the counterclaim, denying nearly all of the allegations.

Defendants jointly moved for summary disposition of all of plaintiff's claims under MCR 2.116(C)(10). Defendants argued that plaintiff's claims should be dismissed because all of the claims belonged to the estate, and plaintiff was not permitted to represent the estate given that a pro se litigant cannot appear on behalf of a probate estate.[3] Defendants further contended that plaintiff did not have standing to bring the estate's claims in his individual capacity and that any alleged assignment of the estate's claims to plaintiff was invalid.

Farmington Square additionally moved for summary disposition of its counterclaim to foreclose its lien, arguing that there was no genuine issue of material fact that there were unpaid condominium assessments for which it had filed a valid lien. And it again argued that plaintiff could not appear *in propria persona* to defend the counterclaim on behalf of the estate.

In response, plaintiff agreed that he could not prosecute any claims on behalf of the estate, but he maintained that all causes of action had been assigned to him by the estate before the action was filed and that he had the right to appear *in propria persona* to prosecute his individual claims. Plaintiff relied on two assignments to establish his right to pursue the causes of action in an individual capacity. The first assignment, dated May 8, 2018, stated:

---

[1] Makower Abbate & Associates, PLLC, was later dismissed by stipulation of the parties.

[2] Additional claims alleging violations of state and federal debt collection laws were dismissed by stipulation and are not at issue in this appeal.

[3] Plaintiff is a former licensed attorney who has been suspended from the practice of law since 2009. Therefore, he was not permitted to appear as counsel for the estate. A nonlawyer attempting to proceed *in propria persona* on behalf of an estate is engaged in the unauthorized practice of law in contravention of MCL 600.916. *Shenkman v Bragman*, 261 Mich App 412, 416; 682 NW2d 516 (2004).

For valuable consideration, receipt of which is hereby acknowledged, Keith Mitan, Personal Representative of the Estate of Frank Mitan a/k/a Frank Joseph Mitan, Jr., hereby assigns to Keith J. Mitan, individually, all rights and interest in any existing monetary claims against (a) the Farmington Square Condominium Association, (b) John P. Carroll Co., Inc., and (c) any and all current or former members of the Board of Directors of the Farmington Square Condominium Association.

A second assignment, dated August 22, 2018, similarly assigned all rights and interests in any existing monetary claims that the estate held against Evasic and Makower Abbate & Associates, PLLC, to plaintiff, individually, in exchange for unidentified "valuable consideration."

In his deposition, plaintiff admitted that his mother was the sole beneficiary of the estate. He argued, however, that he was permitted to assign the estate's interest in the various claims to himself as consideration for his right to receive compensation for his work as personal representative. But after his deposition plaintiff changed his stance and instead contended that he was entitled to receive the estate's interest in the asserted causes of action as exempt property under MCL 700.2404(2). In support of this argument, plaintiff relied on a written document, signed by himself as personal representative of the estate, which provided that he was distributing the estate's interest in the claims to himself personally as exempt property under MCL 700.2404(2). Plaintiff also moved for summary disposition under MCR 2.116(C)(10) with respect to his claims.

The trial court issued a written opinion and order that granted defendants' motion for summary disposition under MCR 2.116(C)(10), denied plaintiff's competing motion for summary disposition, and dismissed all of plaintiff's claims. The court ruled that plaintiff could not represent the estate *in propria persona* and that plaintiff's use of his role as personal representative to unilaterally assign the estate's claims to himself violated MCL 700.3709. Accordingly, the trial court held that the assignments were invalid. The court also found that plaintiff failed to establish entitlement to the estate's claims under MCL 700.2404. Therefore, the trial court ruled that "[p]laintiff's claims are subject to summary disposition due to his unauthorized practice of law and invalid assignments."[4]

---

[4] The trial court discussed a federal action involving plaintiff and the estate, which also addressed plaintiff's unauthorized practice of law. The trial court observed:

An individual proceeding *in pro per* cannot represent the interest of a probate estate in litigation. Critically, the Honorable Arthur J. Tarnow, of the United States District Court for the Eastern District of Michigan determined that Plaintiff was improperly representing this Estate. Judge Tarnow stated that

"Plaintiff is representing his father's estate *pro se*, as the personal representative. A personal representative of an estate is not allowed to appear *pro se* on its behalf, where interests other than those of the personal representative are at stake. *Shepherd v Wellman*, 313 F.3d

With respect to Farmington Square's counterclaim, the trial court acknowledged that because the estate continued to be administered by the probate court, Farmington Square could not obtain a money judgment against the estate in circuit court. The court ruled, however, that it had jurisdiction over the claim to foreclosure the condominium lien. The court determined that there was no genuine issue of material fact regarding Farmington Square's entitlement to foreclose on the lien. The court entered a judgment of foreclosure for unpaid assessments in the amount of $3,689, late fees in the amount of $380, costs in the amount of $696.90, and attorney fees in the amount of $10,263.50. The trial court found that plaintiff could not challenge the attorney fees and costs that formed part of the foreclosure judgment because he was engaged in the unauthorized practice of law in relation to the estate and thus lacked standing. Plaintiff now appeals by right.

Plaintiff first argues that the trial court lacked subject-matter jurisdiction to determine the validity of the assignments. Plaintiff maintains that only the probate court had jurisdiction to determine whether the assignments were valid. We agree with plaintiff that only the probate court could rule on whether the assignments were valid. But we further conclude that absent an order from the probate court approving the assignment of claims from the estate to plaintiff individually, plaintiff lacked standing to pursue the instant lawsuit. If plaintiff were permitted to go forward with the lawsuit on the basis that the trial court lacked jurisdiction to rule on the validity of the assignments, we would effectively be treating the assignments as being valid and allowing plaintiff the opportunity to recover damages on the basis of the assigned claims. This would necessarily result in the trial court's exercising jurisdiction in violation of the probate court's jurisdiction and without a ruling by the probate court approving the assignments.

We review de novo as a question of law whether a court has subject-matter jurisdiction to decide a particular claim. *Jamil v Jahan*, 280 Mich App 92, 99-100; 760 NW2d 266 (2008). Subject-matter jurisdiction pertains to a court's ability to exercise judicial power over a class of cases. *Campbell v St John Hosp*, 434 Mich 608, 613-614; 455 NW2d 695 (1990). Circuit courts are courts of general jurisdiction and derive their power from the Michigan Constitution. *Okrie v Michigan*, 306 Mich App 445, 467; 857 NW2d 254 (2014), citing Const 1963, art 6, § 13. "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. In *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 52; 910 NW2d 683 (2017), this Court observed:

> [T]he circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit. Where this Court must examine certain statutory language to determine whether the Legislature intended to deprive the circuit court of

---

963, 970 (6th Cir. 2002). Plaintiff's mother and brother also have an interest in the Estate of Frank Mitan, so Plaintiff is unable to proceed before this Court without being properly licensed as an attorney, or obtaining counsel." [Citations omitted.]

-4-

jurisdiction, this Court has explained [that] the language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction of a particular subject matter. [Quotation marks, citations, and alteration brackets omitted.]

In this case, plaintiff's lawsuit hinged on the assignment of claims that the estate held and which the estate had the right to pursue and prosecute. See MCL 700.3715(1)(x). Under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., a probate court's exclusive jurisdiction is governed by MCL 700.1302, which provides, in pertinent part:

The court[5] has exclusive legal and equitable jurisdiction of all of the following:

(a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, all of the following proceedings:

(i) The internal affairs of the estate.

(ii) Estate administration, settlement, and distribution.

(iii) Declaration of rights that involve an estate, devisee, heir, or fiduciary.

The assignment of the estate's claims by plaintiff, acting as the personal representative of the estate, to plaintiff, in an individual capacity, related to and was part of the settlement of the estate, concerned the internal affairs of the estate, and regarded the administration and distribution of the estate.[6] Moreover, any proceeding involving a determination whether the assignments were valid would entail a declaration of rights involving the estate and a fiduciary, i.e., plaintiff as personal representative. See *In re Schwein Estate*, 314 Mich App 51, 59; 885 NW2d 316 (2016) ("a personal representative owes a fiduciary duty to the heirs of the estate"), citing MCL 700.3703(1). To be clear, we are not ruling that the trial court generally lacked subject-matter jurisdiction over the causes of action alleged by plaintiff. Rather, our decision is very narrow. We are simply holding that only the probate court had jurisdiction to approve or disapprove of the two assignments. The circuit court had no jurisdiction, and because the probate court did not authorize the assignments, plaintiff lacked standing to sue. We discuss "standing" in more detail below.

In further support of our position, we note the language of MCL 700.1214, which provides as follows:

---

[5] EPIC defines the term "court" to "mean[] the probate court or, when applicable, the family division of circuit court." MCL 700.1103(j). Because the family division of circuit court has no relevance or applicability to this case, we speak only in terms of the probate court's jurisdiction.

[6] As noted earlier, plaintiff argued that he was distributing the estate's interest in the various claims to himself personally as exempt property under MCL 700.2404(2).

Unless the governing instrument expressly authorizes such a transaction or investment, *unless authorized by the court*, except as provided in section 3713, 5421, or 7802, or except as provided in section 4405 of the banking code of 1999, 1999 PA 276, MCL 487.14405,[7] *a fiduciary in the fiduciary's personal capacity shall not engage in a transaction with the estate that the fiduciary represents* and shall not invest estate money in a company, corporation, or association with which the fiduciary is affiliated, other than as a bondholder or minority stockholder. A fiduciary in the fiduciary's personal capacity shall not personally derive a profit from the purchase, sale, or transfer of the estate's property. . . . . [Emphasis added.]

Plaintiff, a fiduciary, engaged in transactions with the estate, i.e., the assignments, in his personal capacity. Thus, these transactions had to be authorized by the "court."[8] And again, the term "court" is patently a reference to the probate court, not the trial court, in this case. MCL 700.1103(j). Accordingly, MCL 700.1214 supports our conclusion that the probate court, and not the trial court, had sole jurisdiction with respect to deciding the validity and enforceability of the assignments.

We recognize that MCL 700.1303(1)(a) provides that a probate court "has concurrent legal and equitable jurisdiction" to "[d]etermine a property right or interest" "in regard to an estate of a decedent . . . ." Judging the validity of the assignments goes beyond a simple determination of the estate's existing property rights or interests. The assignments also concern a *fiduciary's* rights and interests in causes of action when the fiduciary—plaintiff—attempts to act and wield those powers in an individual capacity despite the fiduciary status. And more importantly, we are addressing a decision as to the validity of a conveyance, transfer, or distribution of an estate asset or interest from and to a personal representative; therefore, the assignments fit more squarely within the ambit of the exclusive-jurisdiction language of MCL 700.1302 pertaining to probate courts. Additionally, because the transfers or assignments were between the estate and a fiduciary of the estate acting in his personal capacity, MCL 700.1214 directs that any court involvement must be by the probate court, which thereby excludes the trial court's handling this case. Accordingly, it was for the probate court to assess the legal soundness of the two assignments. The probate court has not ruled on the matter; consequently, as discussed earlier, we deem it decisive to plaintiff's lawsuit for purposes of standing that the probate court first address and, if appropriate, render a ruling in plaintiff's favor before any further proceedings.[9]

MCR 2.201(B) provides that "[a]n action must be prosecuted in the name of the real party in interest," subject to certain exceptions not applicable here. The real-party-in-interest rule requires that a claim be prosecuted by the party who under the substantive law owns the claim being asserted. *In re Beatrice Rottenberg Trust*, 300 Mich App 339, 356; 833 NW2d 384 (2013). A party must assert his or her own legal rights and interests and cannot rest a claim to relief on the

---

[7] The statutory exceptions are inapplicable.

[8] Of course, if plaintiff personally derived a profit from the assignments, the transactions would be barred outright under MCL 700.1214.

[9] Plaintiff conceded that he never obtained permission from the probate court to assign the claims from the estate to himself personally.

legal rights or interests of third parties. *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). MCR 2.201(B) mandates that, in general, an action must be prosecuted in the name of the real party in interest, and a real party in interest is the one who is vested with the right of action on a given claim, even though the beneficial interest may be in another. *Barclae*, 300 Mich App at 483. The standing doctrine recognizes that litigation can only be commenced by a party having or holding an interest, thereby assuring sincere and vigorous advocacy. *Id*. Until the probate court validates or approves the assignment of claims, which of course may never occur, plaintiff lacks standing to seek recovery for those claims in an individual capacity. At this point, plaintiff simply has no interest in the claims alleged in his complaint; they belong to the estate.

Plaintiff argues that the trial court erred by failing to sua sponte substitute the estate as a party plaintiff after determining that plaintiff was not the real party in interest as necessary to bring the assorted claims.[10] Plaintiff contends that the trial court should have applied MCR 2.202(B), which provides:

> If there is a change or transfer of interest, the action may be continued by or against the original party in his or her original capacity, unless the court, on motion supported by affidavit, directs that the person to whom the interest is transferred be substituted for or joined with the original party, or directs that the original party be made a party in another capacity. Notice must be given as provided in subrule (A)(1)(c).

MCR 2.202(B) was not applicable in this case because there was no "change or transfer of interest." Rather, plaintiff simply lacked *any* interest in the claims in the first instance because of the probate court's silence regarding the assignments. Moreover, there was never any motion to substitute the estate;[11] the necessary affidavit was not filed, and the specified notice was never provided. Accordingly, the trial court did not err by failing to substitute the estate as party plaintiff pursuant to MCR 2.202(B).

Plaintiff raises additional claims of error challenging the trial court's decision to grant summary disposition in favor of Farmington Square on its foreclosure counterclaim and in granting attorney fees and costs as part of the judgment of foreclosure. Plaintiff contends, for a variety of reasons, that he had standing to address the issues concerning attorney fees and costs.

The counterclaim and foreclosure judgment necessarily pertained to the estate, which held title to the condominium unit. Only the personal representative, through legal counsel, could defend against the counterclaim on behalf of the estate. See *Shenkman v Bragman*, 261 Mich App 412, 415-416; 682 NW2d 516 (2004) ("The estate, not the heirs, may bring an action and, as with

---

[10] We have reached the same conclusion as the trial court that plaintiff was not a real party in interest. But our reasoning differs considering that the trial court substantively determined that the assignments were invalid. Instead, we conclude that it is incumbent on the probate court to initially determine the validity of these assignments were valid. It has not yet done so.

[11] If, however, plaintiff had filed such a motion on behalf of the estate, plaintiff would have been engaged in the unauthorized practice of law.

other matters involving the estate, the duly appointed personal representative acts for, or represents, the estate."). We cannot accept plaintiff's arguments on appeal because they are made on behalf of the estate, and thus constitute plaintiff's unauthorized practice of law. The *Shenkman* panel held:

> And this presents the fatal flaw in appellant's argument. That argument is premised on his constitutional right as a nonlawyer to represent himself "in his own proper person . . . ." Const 1963, art 1, § 13. We acknowledge that right. However, under the statute as we analyze it, appellant is not the true plaintiff here; the estate is. Appellant is not, in other words, representing himself in this litigation. Instead, he is representing a client, the estate. Thus, he is engaged in the unauthorized practice of law. MCL 600.916. The trial court did not err in so concluding. [*Shenkman*, 261 Mich App at 416.]

Therefore, we cannot entertain plaintiff's arguments on appeal to the extent that they are made on behalf and in favor of the estate.

Nevertheless, we sua sponte reverse the foreclosure judgment. In light of the allegations referring to the harm suffered by "the Estate," we note that plaintiff's amended complaint could be construed as an action brought by the personal representative of the estate *on behalf of the estate*. See MCR 2.201(B)(1) ("A personal representative . . . may sue in his or her own name without joining the party for whose benefit the action is brought."). And Farmington Square filed a counterclaim naming "Keith J. Mitan, . . . personal representative for the Estate of Frank Mitan[,]" as counterdefendant. The foreclosure action had to be filed against the estate, and the counterclaim sufficed as an action against the estate. Plaintiff then filed an answer to the counterclaim and litigated the counterclaim. The problem is that plaintiff was again engaging in the unauthorized practice of law in defending the estate against the counterclaim, which both Farmington Square and the trial court recognized.

We agree with the following passage set forth by the Massachusetts Supreme Court in *Rental Prop Mgt Servs v Hatcher*, 479 Mass 542, 551; 97 NE3d 319 (2018):

> [W]here a court learns that a person is engaged in the unauthorized practice of law, the court is obligated to take corrective action, regardless of whether the adverse party requests such action. A court has no discretion to tolerate the unauthorized practice of law, and may not allow a person to engage in the unauthorized practice of law simply because the adverse party does not object. A judge does have the discretion, however, to determine the appropriate remedy.

Here, the trial court was required to take corrective action instead of allowing the counterclaim to simply go to judgment with plaintiff defending the estate the entire time. Consequently, we reverse the judgment of foreclosure. While we are hesitant to reverse and "reward" plaintiff for his unauthorized practice of law, the estate, and the beneficiaries or heirs, were entitled to proper representation, or to at least proper procedure. Moreover, we will not take a "no harm, no foul" approach to the unauthorized practice of law or otherwise condone it.

Under these unique circumstances and facts, we feel compelled to give some direction on remand. Restarting from the point of the counterclaim filed against the estate, the trial court shall give the estate a period of time, set at the court's discretion, to file an answer to the counterclaim. The trial court shall direct the estate's personal representative, plaintiff or any successor, to employ the services of a licensed attorney to represent the estate in defense of the counterclaim. If the personal representative attempts to proceed without counsel, the trial court shall reject any pleadings or motions filed by the personal representative. Should this occur absent retention of counsel, the case shall proceed pursuant to the rules on default. The trial court should also communicate the situation to the probate court presiding over the estate. We have no jurisdiction over the probate court on remand here, but we would hope that the probate court would then communicate to any heirs and beneficiaries the events that transpired in the trial court.

We affirm the summary dismissal of plaintiff's lawsuit but reverse the foreclosure judgment on Farmington Square's counterclaim and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel